HAWES v. THE BURLINGTON, CEDAR RAPIDS & NORTHERN R'Y COMPANY.

1. **Practice:** EXCEPTIONS TO INSTRUCTIONS GIVEN: DEGREE OF PARTICULARITY REQUIRED. Since the enactment of the Code, (§ 2787,) an exception to instructions given, if taken at the time when given, may be made to the whole charge, without specifying the particular instruction or instructions in which the errors relied upon occur. The rule was different under § 3059 of the Revision. See *Davenport Gas-Light Co. v. City of Davenport*, 13 Iowa, 229.

2. ——: CONTRIBUTORY NEGLIGENCE: BURDEN OF PROOF: INSTRUCTION. In an action for damages to the person, based on defendant's negligence, the plaintiff had the burden of proof to show that he was not guilty of contributory negligence; and the burden was not changed by the fact that the defendant in its answer unnecessarily pleaded the plaintiff's contributory negligence; and an instruction from which the jury might infer such change of burden was erroneous.

3. ——: RELEASE: BURDEN OF PROOF: CONTRADICTORY INSTRUCTIONS. Where a release was pleaded in defense, and not denied, but matter was pleaded by the plaintiff in avoidance of the release, the burden to establish the release was removed from defendant, and the burden to establish the matter in avoidance devolved upon plaintiff; and in such a case it was erroneous to charge the jury that "as to material affirmative allegations and defenses of the answer the burden of proof devolves upon the defendant;" and the error was not cured in this case by another instruction which correctly placed the burden of proof,—the two instructions, as to that, being contradictory.

| 64 | 315 |
| --- | --- |
| 92 | 624 |
| 64 | 315 |
| 105 | 466 |
| 64 | 315 |
| 107 | 489 |
| 107 | 605 |
| 64 | 315 |
| 121 | 459 |
| 64 | 315 |
| 126 | 586 |
| 64 | 315 |
| 142 | 583 |

**4. Minors:** CONTRACTS OF: DISAFFIRMANCE: RETURN OF MONEY OR PROPERTY: STATUTE CONSTRUED. Section 2238 of the Code, which provides that a minor is bound by his contract, unless he disaffirms it, "and restores to the other party all money or property received by him by virtue of his contract, and *remaining within his control*," only requires a return of the identical money or property, and not the payment of other money or property which he may have at the time of disaffirmance. *Jenkins v. Jenkins*, 12 Iowa, 195, followed.

**5. Instructions:** SHOULD PRESENT BOTH SIDES OF A CASE. Where from the evidence the jury might have come to either of two opposite conclusions, it was error to instruct them as to their duty in the event of their reaching one conclusion, without also instructing them as to their duty in the other event.

*Appeal from Linn District Court.*

WEDNESDAY, SEPTEMBER, 17.

It is stated in the petition that the plaintiff is a minor, and was in the employ of the defendant as a brakeman on a freight train, and that, without negligence on his part, when endeavoring to couple certain cars, because of defendant's negligence, his hand was caught and injured. The ground of the negligence stated in the petition is that the cars were violently and forcibly thrown together. Trial by jury, judgment for the plaintiff, and defendant appeals.

*J. & L. K. Tracy*, for appellant.

*J. B. Young*, for appellee.

SEEVERS, J.—I.   The charge of the court, in addition to a statement of the issues, consists of paragraphs numbered

**1. PRACTICE:** exceptions to instructions: degree of particularity required.

from one to sixteen, inclusive, and, from an amended abstract, it appears that exception thereto was taken at the time the charge was given, in the following words: "And to the giving of such instructions as given, at the time the defendant duly excepted." This we understand to mean that each paragraph of the charge was excepted to, and, as this was done

at the time, no stated reasons were required. Code, § 2787. But counsel for the appellee insists that such a general exception presents no question for the consideration of this court, unless the whole charge is erroneous, and this is not claimed. In support of this proposition, *Davenport Gas Light Co. v. The City of Davenport*, 13 Iowa, 229, is cited. In that case there were fifteen instructions asked and refused, "to which the defendant excepted." This was held to be a sufficient exception. The charge of the court covered ten pages, and at the conclusion thereof it was stated: "To the giving of which instructions the defendant excepted," and it was held that this exception was not sufficiently specific. There is not, therefore, any difference between the cited case and this, and, unless there has been a change in the statute, we are bound by the ruling made in that case. It was decided when the Revision was in force, and, while it does not distinctly appear that the charge of the court consisted of paragraphs numbered consecutively, it is fair to so presume, because § 3058 of the Revision provided it should be so numbered; and, as this provision has been incorporated into the Code, it cannot be said that there is any difference in the statute in this respect. Code, § 2788.

Section 3059 of the Revision provided as follows: "Every part or paragraph of the charge shall be deemed approved unless excepted to before the retiring of the jury. If so excepted to, that fact, and by whom excepted to, whether plaintiff or defendant, shall be stated by the court on the margin against such instructions or part of the charge." The opinion in the cited case is mainly based on this section. It was thought that the statute recognized a distinction "between instructions asked and refused and the charge of the court." The section above quoted has been omitted from the Code, and it is provided therein: "If the giving or refusal (of instructions) be excepted to, the same may be without any stated reason therefor; and all instructions demanded must be filed, and shall become a part of the record." Code, § 2787.

In so far as exceptions to instructions are concerned, if taken at the time, it will be observed that there is not now any difference between those asked and the charge of the court. If each paragraph of the charge is excepted to, it is sufficient. In *Mann v. The S. C. & P. R. Co.*, 46 Iowa, 637, it was held that an exception was sufficient which was expressed in these words: "And to the giving by the court of said instructions, numbers two to fourteen inclusive, and to the giving of each, the defendant excepted." See also *Sherwood v. Snow, Foote & Co.*, 46 Iowa, 481. The exceptions under our present statute are sufficiently specific.

II. The defendant pleaded, *First*, A general denial; *Second*, Contributory negligence of the plaintiff; and, *Third*, A release of the damages sustained. To the latter the plaintiff replied that the release had been obtained by fraud. In stating the issues, the court said to the jury that the defendant had so pleaded, and instructed as follows: " You are instructed, as to all the material allegations of the petition, that the burden of proof is on the plaintiff, and, before you are warranted in entering a verdict in his favor in any amount, he must satisfy you by a preponderance of evidence of the truth of such allegations. But, as to material affirmative allegations and defenses of the answer, the burden of proof devolves upon the defendant, and they must be established by a preponderance of the evidence." No instruction other than this was given in relation to which party had the burden to establish that there was or was not contributory negligence. The defendant unnecessarily pleaded that the plaintiff was guilty of contributory negligence, yet it was pleaded as an affirmative defense, and, under the issues as stated by the court, the jury must have understood, we think, that the burden was on the defendant to establish such issue. In this there is error. The rule on this subject, in this state, is so well understood, and has been so repeatedly declared, that it is not deemed necessary to cite the decisions in which it has been so held.

The release was pleaded as an affirmative defense, and the jury were instructed that the burden to establish it was on the defendant, although the execution of the written release had not been denied, and the plaintiff pleaded matter which, if true, avoided it. In this respect, also, the instruction is erroneous. It is true that in another instruction the jury were informed that as to the release they must find for the defendant, unless the plaintiff had established that it had been procured by fraud. We are not prepared to say that this cured the error. The most that can be said is that the instructions are contradictory, and it is impossible to tell which the jury followed. *Hoben v. The B. & M. R. R. Co.*, 20 Iowa, 562; *The State v. Hartzell*, 58 Id., 520.

*3. ——: release: burden of proof: contradictory instructions.*

III. There was evidence tending to show that the plaintiff was a minor, and that he executed the release in consideration of forty dollars paid him by the defendant, and that he did not have the money so paid in his possession or under his control. The court, in substance, instructed the jury that the plaintiff could not recover unless he tendered to the defendant such money, if he had it under his control. This instruction, it is said, does not require the plaintiff to make the tender unless he had under his control the identical money received by him; and we think this is so. It is provided by statute that a minor is bound by his contracts, unless he disaffirms the contract " and restores to the other party all money or property received by him by virtue of his contract, and remaining within his control at any time after he has attained his majority." Code, § 2238.

*4. MINORS: contracts of: disaffirmance: return of money or property: statute construed.*

The contention of the appellant is that the words, "remaining under his control," should be construed as referring alone to property, the argument being that money is the representative of the value of all property, and that the same amount of money is and must be the equivalent of the money received by the plaintiff, and therefore it is not necessary

that the plaintiff should have under his control and tender
the particular coin or bill which he had received. The argu-
ment concedes that the identical property must be tendered,
and in *Jenkins v. Jenkins*, 12 Iowa, 195, it is said: "It is
not shown or pretended that he had remaining under his
control at any time after attaining his majority any money
or property received by him by virtue of the contract, and it
is only such money or property as may thus remain that he
is bound to restore." We are unable to say whether it was
money or property which was received in that case. It is
assumed that it was one or the other, and it is clearly held
that it makes no difference which; and under the statute it is
difficult to say that one rule applies when money is received,
and a different rule when property is received. No such dis-
tinction is made by statute. We therefore cannot make one by
construction, when there is not the slightest ambiguity in the
statute. Besides this, we are bound by the case above cited.

IV. There was evidence tending to show that after the
accident the plaintiff said that he alone was to blame, and
the court instructed the jury as follows: " The
verbal admissions of parties are to be received
with caution; and, if you believe from the evi-
dence that certain verbal admissions alleged to have been
made by plaintiff immediately after the accident were
made, and that he was at the time of making the same agi-
tated and nervous, and suffering great pain, this rule of law
is particularly applicable to the verbal admissions so made.
The memory of witnesses may be defective; certain words
may be added or omitted, with no wrong intent on the part
of witnesses, which admission or omission may give a wholly
different meaning from what was contained in the words
actually used."

This instruction is objected to because it contains no direc-
tion as to what the rule would be if the admission was delib-
erately made and understood at the time. Under the evi-
dence, the jury might have so concluded, and the defendant

was entitled to an instruction as to the effect of such a finding. The second instruction is said be erroneous because it assumes that certain facts have been established. In this we do not concur.

REVERSED.