S. Rosenberger & Company v. W. R. Marsh & Company and J. W. Allington, Appellants.

Evidence:  harmless error.  Possible error in rejecting evidence as to damages for the breach of a contract, where the jury found there was no breach, is harmless.

Admissibility.  In an action for the price of goods sold, letters written by defendant, and containing admissions of liability to the amount of plaintiff's claim, with the exception of a few small items, and inclosing a note for the amount, less such reductions are admissible, even though an offer of compromise, where containing statements of fact proper to be considered by the jury.

Cross-examination.  In an action for breach of a contract of agency to sell cigars, where the agents (jobbers of cigars, etc.) claimed a loss of trade because of being deprived of the sale of such cigars, alleged to be of a high quality, the principal may cross-examine one of the agents with reference to the manufacture and sale in the agent's town of another cigar known by the same name as the principal's cigar, and their respective merits.

Same.  Where defendants claimed an exclusive and continuing contract to sell plaintiff's cigars defendant may be cross-examined as to whether he considered the contract binding on him.

Secondary.  It is proper to ask a witness if he did not write plaintiff to do a certain thing, and it does not call for the contents of the letter.

Agency.  Under a claim for a breach of a contract made by the agent of the adverse party, the latter may prove the actual authority given such agent.

Special Damages:  plea and proof.  In a counterclaim for breach of contract, special damages not necessarily incident to the breach, such as expense in introducing goods sold the agent and loss of profits on an order taken by another agent and not turned over, must be pleaded.

AMENDMENTS. It is within the discretion of the court to refuse an amendment to a pleading, where offered during the course of the trial.

Charge and Plea: WAIVER. Where evidence is introduced without objection, it is proper to submit the issue made thereby to the jury, though not raised by the pleadings.

SAME. Evidence that the principal's refusal to carry out the contract of agency was due to the agent's fault or neglect is admissible, though not pleaded, where the agent had pleaded a wrongful discharge.

*Appeal from Hamilton District Court.*—HON. D. R. HIND-MAN, Judge.

FRIDAY, APRIL 7, 1899.

ACTION at law to recover the purchase price of certain cigars sold and delivered the defendants. Defendants admit the account, but plead a counterclaim for breach of the contract under which the cigars were sold. Trial to a jury. Verdict and judgment for plaintiff, and defendant Allington appeals.—*Affirmed.*

*George Wambach* for appellant.

*J. L. Kramrar* for appellee.

DEEMER, J.—Plaintiff is a manufacturer of cigars, doing business in the city of Cincinnati, Ohio. Defendants are jobbers of cigars, bottled goods, and furniture. In November of the year 1894, plaintiff, through its agent, one Towson, sold the defendants a certain lot of cigars, and continued to supply defendants with this same brand, known as the "Imperial Sweeper," until January 3, 1896, at which time plaintiff refused to furnish any more of its goods bearing the above-mentioned brand. During the time mentioned, defendants received about one hundred and twenty thousand cigars from the plaintiff. The refusal to furnish any more cigars was

based upon the unsatisfactory manner in which defendants were settling their bills, and their alleged cutting of prices. Defendants contend that they were given the sole and exclusive agency for the hitherto mentioned brand of cigars for northern Iowa, and that they were to have this agency so long as they had any trade for the goods; that plaintiff, without cause or excuse, revoked the agency, and placed it with a jobbing house in the city of Dubuque, to their damage. Plaintiff denies that it gave an exclusive agency, or that it promised to supply the goods for any definite length of time. On these issues the case was tried to a jury, resulting in a verdict and judgment for plaintiff for practically the full amount of·its claim. As there is a conflict in the evidence relating to the alleged contract of agency, and as the jury evidently found that there was no such agreement as defendants claim, that decision must be treated as a finality, and the verdict sustained, unless we find such errors committed during the trial as entitle the defendant to a reversal of the case.

Turning to the assignments of error, we find that they relate to rulings on evidence and the instructions given by the court, and of these in order as argued: Damages are asked in the counterclaim for expenses of traveling men in introducing the goods, increase in price paid for goods to fill orders taken before plaintiff revoked the agency, and loss of trade and business. On the trial, defendants offered to show that, at the time the alleged contract of agency was made, plaintiff's agent offered to turn over to them a prior order he had taken for the Imperial Sweeper cigars; that plaintiff failed to turn this order over; and that they lost thereon, the amount of which they asked to recover as part of their damages. It is manifest that these damages were spe·. cial, and not necessarily incident to the breach of contract complained of. Without an allegation of such damages, defendants were not entitled to have them considered. At the time the evidence was excluded, defendants' counsel said: "I

desire to amend my answer to cover this." This is all that appears with reference to the amendment. No such amendment was ever offered. If it had been, we do not think there was error, for it was within the discretion of the court to permit or refuse an amendment offered during the course of the trial. But, aside from all this, the error, if any, was without prejudice, for the reason that the jury found there was no breach of contract. Error in rejection of evidence relating to the damages sustained would therefore be unavailing.

II. A witness introduced by plaintiff was cross-examined with reference to the manufacture and sale in Webster City of another cigar known as the "Imperial Sweeper," and as to the relative merits of the two cigars. In view of the defendants' claim as to the quality of the cigar made by plaintiff, and his loss of trade and business because of being deprived of plaintiff's goods, we see no error. The matter was brought out on cross-examination, and the extent to which this may be carried is largely discretionary with the trial court. This same witness, who was defendant in the case, was asked if he did not write plaintiff to get up something new for a leader. This was not calling for the contents of a letter, but simply calling his attention to the subject-matter thereof for the purpose of identification. He was also asked if he considered the contract binding upon him, and he answered that he did not. In view of the claim made, of an exclusive and continuing contract, this was proper cross-examination. The case of *Brown v. Hickie,* 68 Iowa, 330, is clearly not in point on this proposition.

III. Plaintiff was permitted to prove the actual authority given its agent Towson. This was certainly a material inquiry. The alleged contract was made by this agent, and, while his actual authority was not conclusive on the question as to the validity of the contract, it was a proper matter for the consideration of the jury.

IV.    Certain letters written by defendants, and containing admissions of liability to the amount of plaintiff's claim, with the exception of a few small items, inclosing a note for the amount less these reductions, and referring to the revocation of the agency, were offered in evidence. They do not seem to be an offer of compromise. If they were, they contain statements of fact which were proper to be considered by the jury. The objections to their introduction were properly overruled.

V.    Certain of the instructions are criticised. One of them related to the limitations upon an agent's authority, and the necessity of knowledge on the part of one with whom he deals before he will be bound by the limitation. This instruction was clearly correct, as it was necessary to a proper presentation of the issues. The same instruction told the jury that the plaintiff would be bound by acts of its agent which were within the apparent scope of his authority, and the part complained of simply announced the exception to the rule. In view of the evidence adduced, this instruction was favorable to defendants. The court further instructed that, if plaintiff's failure to furnish cigars was due to any fault or neglect of defendants, there could be no recovery on the counterclaim. No complaint is now made of the admission of evidence relating to this matter. If it was properly introduced, then there was no error in submitting the issue made thereby to the jury, although no such claim was made in plaintiff's reply. *Collins v. Collins,* 46 Iowa, 60. But we think the evidence was admissible without such pleading, for the reason that defendants claim that they were wrongfully discharged as plaintiff's agents. We discover no prejudicial error in the record, and the judgment is *affirmed.*