JOHN KING v. THE CHICAGO & NORTHWESTERN RAILWAY
COMPANY, Appellant.

NEGLIGENCE: JURY QUESTION: EVIDENCE.  Whether an employe,
loading ties on a car by drawing them in with a pick, saw or
ought to have seen a hole in the car floor, through which he
stepped a few minutes after he entered the car, is for the jury,
notwithstanding testimony that it was in plain sight; he having
testified that, though he looked, he did not see or know of it, and
that there was snow and straw, over and around it.

The fact of the wood about the hole in a car floor, through which an
employe of the railroad company stepped, being rotten, is suf-
ficient to charge it with notice thereof.

*Appeal from Clinton District Court.*—HON. P. B. WOLFE,
Judge.

SATURDAY, APRIL 8, 1899.

*Hubbard, Dawley & Wheeler* for appellant.

*T. W. Hall* for appellee.

PER CURIAM.  Ties were being loaded on a car by first
placing them on a dolly, on which they were carried to
the door.  The plaintiff, with a pick, threw them in, and
they were then properly placed by two others.  While doing
this, he stepped into a hole in the car floor, about six inches
wide and ten inches long, fourteen inches from the door jamb,
and five or six inches from the south wall, and sustained injury.
According to his testimony, there were snow and straw on the
floor and a number of pieces of bark about the hole when he
pulled his leg out, and, though he looked, he did not see or
know of the hole until he stepped into it.  Other witnesses
say the hole was in plain sight and had been mentioned on
the car.  He entered the car at 3:30 P. M. of February 10th,
and the accident occurred about twenty minutes later.  The
plaintiff was directed to do this work, and, in the absence of
knowledge, had the right to assume the floor to be in a safe

condition.   In view of his statements with reference to straw on the floor, bark about the hole, and the character of his work, we think the question of whether it was seen by plaintiff, or might have been seen by the exercise of ordinary care, was for the jury to determine.   If the bark was about or over the hole it might not have been so obvious as to preclude the conclusion that he saw it, or ought to have seen it.    To the contention that defendant cannot be charged with notice of its existence, it may be said that, even if this was essential to recovery, there was evidence tending to show that the wood about the hole was in a decayed condition.   While we might not have reached the same conclusion as did the jury, we are not at liberty to disturb their verdict.   The judgment against the defendant is AFFIRMED.