S. A. CRULL, Appellant, v. LOUISA COUNTY, Appellee.

**TRIAL: Witnesses—Exclusion—Discretion of Court.** The matter of
1 excluding witnesses from the courtroom during trial and what exceptions may be properly made to such order of exclusion is peculiarly within the discretion of the court.

PRINCIPLE APPLIED: In the instant case, being an action against a county for damages occasioned by a defective bridge, the court properly excepted from the order of exclusion a member of the board of supervisors who had charge of the bridge in question, it being convenient to counsel and the court to have the witness present in court.

**EVIDENCE: Error in Exclusion—Fact Otherwise Established.** Ex-
2 clusion of evidence of a fact admitted or otherwise established is nonprejudicial.

**NEW TRIAL: Misconduct of Juror—Proceeding with Trial—Waiver.**
3   Misconduct of a juror is not ground for a new trial when with full knowledge of the misconduct the cause proceeded without objection and the misconduct was not of a nature to prejudice the complaining party.

**APPEAL AND ERROR: Erroneous Reception of Evidence Rendered**
4   **Harmless by Verdict.** Testimony bearing alone on the matter of damages, though erroneously admitted, is nonprejudicial when the jury found plaintiff had no cause of action.

*Appeal from Louisa District Court.*—HON. JAMES D. SMYTH, Judge.

THURSDAY, FEBRUARY 18, 1915.

AN action for damages resulting from a defective bridge. There was a verdict for the defendant and judgment entered thereon. The plaintiff appeals.—*Affirmed.*

*Molsberry & Reaney,* for appellant.

*Weaver, Briggs & Erwin,* for appellee.

EVANS, J.—The bridge in question was maintained by the defendant county across the Iowa River. The plaintiff was moving a traction engine along the highway under its own power. He entered upon the east approach to the bridge which gave way at the third span and precipitated the engine to the ground beneath. The damages claimed are for the most part such as resulted to the engine.

The engine in question weighed something more than twenty thousand pounds. The bridge was quite old. The accident was such that the jury could have found that it was badly decayed and that its planks were badly worn. The plaintiff was quite familiar with the bridge as far as its casual appearance was concerned. The evidence was sufficient to justify a finding that the county was negligent in its care and

maintenance of the bridge. We think it was also sufficient to justify the finding that the plaintiff was guilty of contributory negligence in driving his engine upon it in its apparent condition.

I. The first error assigned is that the trial court made an improper order for the exclusion of witnesses during the trial in that he excepted from such order the witness Farmer. This

1. TRIAL: witnesses: exclusion: discretion of court.

witness was a member of the board of supervisors at the time of the accident and had special charge of the territory including this bridge. The attorneys for the defendant requested his presence during the trial for the purpose of consultation. The appellant complains of the exception made in his favor. The question involved was not one of favor to the witness but of convenience to the counsel and to the court. The order was a reasonable one and therefore clearly within the court's discretion.

II. The plaintiff offered to prove that after the accident, Supervisor Farmer caused danger signs to be placed at each approach to the bridge. Some evidence was received that such

2. EVIDENCE: error in exclusion: fact otherwise established.

signs had been placed. This was ruled out as immaterial because the time referred to was *after* the accident. Thereupon the plaintiff propounded certain questions to the same witnesses as to whether such signs had been placed *before* the accident. Objections to this evidence were also sustained. The witnesses who were thus interrogated were the plaintiff, his son Lawrence, and Harry Wilson. It appeared from the evidence of the plaintiff and his son that the danger signs which they saw were erected after the accident and not before. Objections to the evidence of Wilson were sustained before it had proceeded thus far. It does appear from his testimony that he did not know of any signs being put up by the supervisor before the accident.

It is now urged that the trial court erred in refusing to receive evidence of the erection of such danger signs at the

approaches of the bridge *before* the accident. Granting that evidence of such a nature would have been ordinarily admissible as tending to show knowledge on the part of the supervisors of the dangerous condition of the bridge, yet we are satisfied that the ruling was clearly nonprejudicial for two reasons. It appears affirmatively that the signs which these three witnesses had in mind were those erected after the accident. It is true the witnesses might have changed their testimony if permitted to answer the later questions. But we would not be justified in reversing the case upon such an assumption. There is the further reason that the knowledge of the supervisors of the actual condition of the bridge was practically conceded. It had been inspected and repaired two months before the accident. It was an old bridge and the defects complained of were the result of age and decay of which the supervisors were presumptively cognizant. The real fighting point in the case was whether the plaintiff was guilty of contributory negligence in driving his ten-ton engine upon it, he himself being familiar with the bridge and knowing its general condition. While it was concededly known to the supervisors that there was considerable decay at the ends of the stringers, the breaking point was in the center of the stringers where there was no apparent decay. From the record as a whole it is evident that the defendant was beaten on the ground of contributory negligence.

For these reasons we are satisfied that the plaintiff suffered no possible prejudice by the exclusion of the offered testimony.

III. After the verdict a motion for a new trial was filed by the plaintiff. Among other grounds mis-

3. NEW TRIAL: misconduct of juror: proceeding with trial: waiver.

conduct of the jury was alleged. The alleged misconduct is set forth in the bill of exceptions as follows:

"During the progress of said trial and while plaintiff was offering testimony to prove his claim, a Mr. T. A. Mulchy was

called by the plaintiff and after said Mulchy had testified, he casually met one of the jurors engaged in the trial of the case and who was a member of the panel that returned the verdict against the plaintiff, and the said juror stated to said witness, 'They did not cross him on the witness stand,' and the witness replied, 'That he was telling the truth, and when a man tells the truth it is impossible to shake his testimony,' and that he (the said witness) 'did not overstate any of the facts.' Plaintiff's attorneys, upon being advised of the conversation had between the juror and the witness, called the subject to the attention of the judge, who was holding court at the time of the trial, His Honor, JAMES D. SMYTH, and defendant's attorneys. Thereafter, and at the next adjournment of the court, the court, as he had done at each adjournment during the trial, admonished the jurors that they should communicate with no one concerning the case, and at this adjournment further observed that his attention had been called to the fact that one juror had inadvertently failed to heed his instructions, and further stated that such conduct was highly improper, and expressed the hope that it would not occur again.''

The error assigned at this point is that the court should not have permitted the trial to proceed but should have discharged the objectionable juror. It is enough to say that no request or suggestion of that kind was made during the trial. On the contrary the plaintiff proceeded with the trial without objection after full knowledge of the alleged misconduct. The conversation with the juror which was complained of was had with the plaintiff's own witness. It does not appear to have been of such a nature as to indicate prejudice to the plaintiff. The argument is that the juror was probably terrified by the admonition of the court. But the matter was brought to the attention of the court by the plaintiff's counsel for the very purpose of admonition. There was nothing in the admonition of the court which could tend to the disqualification of the juror.

IV. Various miscellaneous matters are complained of. One witness testified to the cost of repairing the water tank. His competency is challenged. The testimony bore only on

**4. APPEAL AND ERROR: erroneous reception of evidence rendered harmless.** the amount of damage. It has wholly lost its significance by the adverse verdict as to the existence of the cause of action. Complaint is made that the instructions failed to advise the jury that the county could act only through its agents. There was no apparent necessity for an abstract statement of that kind. No instruction was requested by the plaintiff. The instructions did advise the jury that the duty of care rested upon the board of supervisors as the proper officials of the county and that notice to them was notice to the county. This was sufficient and specific. The record before us would readily have sustained a verdict for the plaintiff, and we should have been quite as well satisfied with such a verdict; but the record is free from any error which would justify a reversal.

The judgment below is therefore—*Affirmed.*

DEEMER, C. J., WEAVER and PRESTON, JJ., concur.