GEORGE STREVER, Appellant, v. JOHN WOODWARD, Appellee.

**NEGLIGENCE: Acts Constituting Negligence—Sudden Stopping of**
**1 Vehicle.** The sudden stopping, or slowing down, of a vehicle, with knowledge of the presence of another moving vehicle in the rear, may constitute negligence.

**NEGLIGENCE: Pleading—Contributory Negligence.** It is not necessary for defendant in a personal injury action based on alleged negligence, to plead the contributory negligence of the plaintiff.

**APPEAL AND ERROR: Review—Instructions—Failure to Except.**
**3** Instructions not excepted to become the law of the case.

**APPEAL AND ERROR: Harmless Error—Improper Admission of**
**4 Evidence.** Evidence improperly received, in an action for alleged negligence, but bearing solely on the amount of plaintiff's recovery for injuries, becomes harmless error when the jury found that plaintiff was guilty of contributory negligence and could not recover at all.

*Appeal from Wright District Court.*—J. L. KAMRAR, Judge..

THURSDAY, JUNE 29, 1916.

REHEARING DENIED SATURDAY, SEPTEMBER 30, 1916.

THIS is an action for personal injuries, caused by collision with and overturning of plaintiff's buggy by defend-

ant's automobile. There was a trial to a jury, which resulted in a general verdict for the defendant. Two special interrogatories were answered by the jury that plaintiff was guilty of contributory negligence, and that the accident was caused by negligence on the part of both plaintiff and defendant. Judgment was entered on the verdict, and plaintiff appeals.— *Affirmed.*

D. C. *Chase,* and *Birdsall* ᵕ *Birdsall,* for appellant.

S. *Flynn,* and *McGrath & Archerd,* for appellee.

PRESTON, J.—1. At a former trial, there was a verdict for plaintiff for $1.00, which was reversed by this court on the ground that, if plaintiff was entitled to recover anything, he was entitled to recover substantial damages, and the cause was reversed because the verdict was inadequate. 160 Iowa 332. A statement of the material facts appears in the former opinion. The point most seriously relied upon by appellant, we take it from the argument, is that the evidence is not sufficient to justify the finding of the jury that plaintiff was guilty of contributory negligence, because, as he says, there is no evidence to show that plaintiff knew the situation as to defendant's being behind him. The question as to plaintiff's contributory negligence was discussed in the former opinion, and, at page 334, the opinion states:

"The defendant denied having been guilty of any negligence, and alleged that the collision was due to the carelessness of plaintiff in suddenly stopping his horse without any notice or warning to the defendant. The evidence was such as to carry these several issues to the jury. This is apparent from even a casual examination of the record, and for this reason it is not necessary to review the evidence."

And commencing at the bottom of page 337, the opinion states:

"Whether plaintiff knew defendant was immediately be-

hind his buggy with his automobile, and so close that if he stopped it would likely run into his vehicle, was an issue to be submitted to the jury," etc.

Defendant in the present case claims that plaintiff stopped the buggy suddenly, while plaintiff claims that he only slowed up. The plaintiff testified on the last trial that he did not know defendant was immediately behind the buggy and so close that, if he stopped, the automobile would run into his vehicle. There was other evidence to the contrary, and it was such, as appears to have been the case on the former trial, that it was a question for the jury. The jury could have believed the plaintiff, and, had they found for the plaintiff on this proposition, it would have been as binding upon the defendant upon a conflict in the evidence as it is now upon the plaintiff, the jury having found against him at this point.

We deem it unnecessary to set out the testimony; but the evidence of the defendant, in which he is corroborated by at least two other witnesses, is such that the jury may well have found that plaintiff did know of the situation immediately behind him, and of the proximity of defendant's car and the danger in stopping.

2. Appellant complains of Instruction No. 8, a part of which is as follows:

"But if you find that the plaintiff knew that the defendant was immediately behind his buggy with

1. NEGLIGENCE: acts constituting negligence: sudden stopping of vehicle.

his automobile, and so close that, if he stopped or materially slackened his speed, it would likely result in injury and damage to plaintiff, and knowing said facts, the plaintiff did suddenly slack his speed or stop his horse, such act would constitute negligence on his part, and he cannot recover in this action."

The converse of this proposition was also stated. It is thought that this instruction is contrary to the opinion on the former appeal, because it refers to the question as to

whether plaintiff materially slackened his speed, instead of stopping. It is argued that, because the court said in the former opinion that merely slowing down would not constitute negligence, this phrase in the instruction is erroneous. But the court also said on the former appeal, beginning at the bottom of page 336:

"The plaintiff testified that he drove out to the side of the road, and that he did not stop, but merely slowed up. For this reason the instruction might be improved by mentioning these matters hypothetically."

That is just what the trial court did in the last trial, by the language in the instruction just referred to. Further complaint of this language is, as plaintiff puts it, that the 2. NEGLIGENCE: answer pleads contributory negligence on pleading: con- the part of plaintiff,—that he suddenly tributory negli- gence. stopped his horse,—and that nothing is said in the answer about slackening of speed; and it is thought the court had no right to enlarge upon or amplify the allegations of the pleading. The defendant was not required to plead contributory negligence at all, but it was the duty of plaintiff to allege and prove freedom from contributory negligence. There was evidence in the record, which has been before referred to, making this instruction applicable, because, as stated, plaintiff claimed that he did not stop, but only slowed down. There was evidence that he was driving at a four-minute gait, as he puts it, when he met Robinson, soon before the accident, and if he suddenly stopped his horse, or materially slackened his speed to such an extent that his horse was nearly stopped, the effect might be the same as though he had stopped entirely.

It is thought also that the instruction is faulty because it uses the words "immediately behind." It is said in argument that there was no such evidence, and that it leaves the door open to conjecture; that "immediately" might mean one foot or two feet. But the evidence is undisputed that,

at the time plaintiff stopped, if he did stop, or when he materially slackened his speed, the defendant was very close behind, within a few feet. The jury could not have been misled by this expression, because the evidence was as stated, and the court further said, "If defendant was immediately behind, and so close that, if plaintiff stopped or materially slackened his speed, it would likely result in injury." It is, perhaps, unnecessary to notice the instruction at all, because it does not appear that plaintiff objected to the instruction in the manner now required by the statute.

3. Plaintiff complains at the refusal of the trial court to give certain instructions offered by him. The first is a peremptory direction to the jury to find that the defendant was guilty of negligence. This would have been error, because there was such a conflict as to take the case to the jury on that question. Other instructions requested are fully covered by the instructions given by the court.

3. APPEAL AND ER-
ROR: review:
instructions:
failure to ex-
cept.

4. Appellant complains of Instruction 9, which is as follows:

"Where injuries occur by reason of an unavoidable accident, no damages can be recovered by reason thereof. If, therefore, you find that plaintiff's alleged injuries were the result of an unavoidable accident, then there can be no recovery in this case, and your verdict must be for the defendant."

It is said there is no evidence to justify the submission of such an instruction. This instruction, like the others, seems not to have been excepted to properly, so that it is unnecessary to refer to the matter at all. But the evidence was such that the jury might have found that neither party was at fault, instead of finding, as they did, that both were negligent.

5. It was a claim of the defendant's that plaintiff was not injured as seriously as he claimed, by the injury for

which he was suing in this case, and that plaintiff had been in an automobile accident before that, in which some of his alleged injuries were inflicted. An attorney had served an original notice and filed a petition in the name of plaintiff against the owner or operator of the automobile in the prior accident, in which it was claimed that plaintiff was severely injured and bruised. The only purpose of this was to show as an admission that plaintiff was injured in a prior accident, and that a part of his present claim was because of the prior accident. Plaintiff claimed that he did not authorize the attorney to make the statements therein. Counsel discuss questions as to the authority of an attorney to bind his client by allegations in the pleadings, questions of ratification after knowledge, etc. But, as we view it, the only purpose of this evidence would be to decrease the plaintiff's recovery in this case, if he recovered at all; but, the jury having found that plaintiff was guilty of contributory negligence, and that, therefore, he could not recover in any amount, we think the admission of this testimony was without prejudice, even conceding it, for the purpose of argument, to have been erroneous.

4. APPEAL AND ERROR: harmless error: improper admission of evidence.

Some other minor questions are argued, but they are not of controlling importance. There is no error, and the judgment is, therefore,—*Affirmed.*

EVANS, C. J., DEEMER and SALINGER, JJ., concur.