CLARK BROTHERS et al., Appellants, v. ANDERSON & PERRY, Appellees.

No. 40677.

FEBRUARY 10, 1931.

D. N. Clark, for appellants.

John T. Clarkson and Anderson & Perry, for appellees.

MORLING, J.—Defendants were the attorneys for the Iowa Title & Loan Company in a suit to recover upon promissory notes and to foreclose mortgage which came to this court under the title *Iowa Title & Loan Co. v. Clark Bros.*, reported in 209 Iowa 169. In that suit the defendants, who are the present plaintiffs, admitted that they did execute "the two promissory notes sued upon, copies of which are attached to the petition * * *" They there alleged as their defense that they had conveyed the mortgaged premises to Dunkin; that Dunkin had assumed the mortgage indebtedness; and that the Iowa Title & Loan Company had, without the knowledge or consent of the present plaintiffs, extended the time of payment. The (present) plaintiffs were defeated on that issue. *Iowa Title & Loan Co. v. Clark Bros.*, 209 Iowa 169. Plaintiffs in their petition in

this action allege that defendants were attorneys in the above-mentioned action; that they (defendants) filed a verified petition upon two alleged promissory notes (setting them out verbatim); that plaintiffs never issued any notes to the Iowa Title & Loan Company "of the terms, words, letters, figures, and conditions as declared and alleged, and the defendant did not, at the institution of said action, have any note or notes, contract or obligation, in favor of said Iowa Title & Loan Company, in possession of the said words, terms, letters, figures, and conditions as alleged." The petition alleges that the "plaintiffs, as defendants in the said case, relying and believing in the integrity and honesty of the said defendant that they issued notes of the words, terms, letters, figures, and conditions, as alleged, as aforesaid, were, by the said allegations and verifications as aforesaid, deceived, and thereby induced to, and did, admit the genuineness thereof" in their answer. Plaintiffs allege that the defendants presented to the judge of the court as true "a judgment entry previously prepared, O.K.'d as to form by the defendants, in the said case, and did then and there procure the signature of the judge of this court to the said judgment entry * * *" Plaintiffs allege that defendants, at the time of procuring the judgment entry, knew that the present plaintiffs "had not issued to the plaintiff any note or notes, contract or allegation [obligation?] of the words, terms, letters, figures, and conditions as alleged, and that the plaintiff in said case was not entitled to said judgment, and could not prove every material element of the contract alleged, and the defendant procured the signature of the judge to said judgment entry and the O.K. of the plaintiffs herein thereto willfully, maliciously, and with intent to, and did, injure, defraud, and deceive the plaintiff * * *"

The petition herein alleges that the judgment entry was so procured by false and fraudulent representations and statements. The only assignment of damage is as follows:

"That the said judgment entry was thereby procured by the defendant with willful and malicious intent and purpose to deceive, injure, and defraud the plaintiffs, and did deceive, injure, and defraud the plaintiffs, and did deprive the plaintiffs of a material element of their defense, to the damage and detriment of the plaintiffs in the sum of $3,000."

Plaintiffs demand judgment for $3,000 actual damages, for treble damages as provided in Section 10921 of the Code, 1927, and for exemplary damages because of the willful and malicious conduct of the defendant, and for costs.

Whether or not the judgment in the foreclosure action has been paid, does not appear.

Defendants in answer allege that plaintiffs executed to the Iowa Title & Loan Company its notes exactly like the copies in the petition, "except that the notes executed and delivered did not have the words 'including attorney's fees' * * * That, in drafting the petition, by an oversight and mistake in using copies of said notes for the petition and copy furnished by plaintiff, the notes set out in the proceedings contained a provision for attorney fees, whereas the notes sued upon did not contain such provision." Defendants admit that they presented to the court a judgment entry in the foreclosure suit, and allege that D. N. Clark, attorney for the plaintiffs in this case, and attorney for them in the former case, had full knowledge as to the contents of the notes sued upon, and that the same did not provide for attorney's fees; that he represented to one of the defendants "that he was authorized and empowered to waive the error with reference to attorney's fees and allow judgment therefor in the judgment entry upon and for the said note sued upon; that, relying upon the said statements of said D. N. Clark, and believing them to be true, and accepting his statements and representations to be true, said Theodore B. Perry [defendant], with the knowledge, consent, acquiescence, and at the suggestion, of said D. N. Clark, prepared the judgment entry hereinbefore referred to, which was approved by said D. N. Clark as attorney for said Clark Bros. *et al.*, and which was signed by the court. That said judgment entry would not have contained provisions for attorney's fees, and would not have been so prepared by said Theodore B. Perry, had it not been for the representations, statements, and suggestions of said D. N. Clark that, as attorney of record for Clark Bros. *et al.*, he was authorized and empowered to consent to the taxation of attorney's fees in said Case No. 12365."

Defendants allege that they acted in the utmost good faith, without any intention to deceive the court or to wrong the plaintiffs or any other person; that, when they discovered, on May

10, 1929, that D. N. Clark repudiated his authority to waive the error of and claim for attorney's fees, they did, on May 13, 1929, enter of record a cancellation and satisfaction of the judgment for attorney's fees. Defendants deny all allegations of deceit, malice, fraud, and damage, and allege affirmatively "that the plaintiffs did not allege any damage, and have suffered no damage, as shown by their petition and the record herein * * *" Copies of the notes on which the present defendants brought the former action are set out, and are the same as the notes sued upon, except the provision by which the makers "agree to pay expense of collection, including attorney's fees." The petition in the present suit was filed August 31, 1928.

Plaintiffs moved to strike the answer and for judgment. The motion was overruled. Plaintiffs elected to stand upon their motion, and when the cause was reached for trial, offered no evidence. The court thereupon sustained motion to dismiss.

Plaintiffs in argument explore a wide field, over which we find it unnecessary to follow them. Plaintiffs base their argument principally upon Sections 10920, 10921, and 10922, Code, 1927, prescribing the duties of attorneys, making them liable for treble damages for deceit or collusion, and requiring the agreement of the attorney in respect to proceedings in the case to be in writing. Plaintiffs argue that their attorney had no authority to consent to judgment for attorney's fees, and that their alleged oral agreement could not, under Section 10922, bind their clients.

The invalidity of the alleged agreement may be conceded. Nevertheless, the answer is, in effect, a negation of the allegations of the petition, proof of which plaintiffs, on their own theory, must make, in order to recover. Plaintiffs do not plead any special damages. They merely claim for general damages in the amount of $3,000, for treble damages under Section 10921, and for exemplary damages. When this action was brought, the judgment for attorney's fees had been released, and the right to attorney's fees renounced. There is no contention that the Iowa Title & Loan Company obtained any more than it was entitled to, except the judgment for attorney's fees. On the allegations of the answer, the present defendants "by oversight and mistake" used copies of notes "furnished by plaintiff." The attorneys for both sides seem to have assumed

that there was some "error with reference to attorney's fees" which is not explained. Anyhow, plaintiffs, on the allegations of the answer, have sustained no injury from it. No actual damages, according to the answer, have been sustained. Multiple damages are punitive. 17 C. J. 997. Plaintiffs are not entitled to treble damages if there are no damages to treble, and are not entitled to exemplary damages if there are no actual damages. *Boardman v. Marshalltown Grocery Co.*, 105 Iowa 445; *Stricklen v. Pearson Construction Co.*, 185 Iowa 95. Manifestly, the court was not in error in overruling plaintiffs' motion to strike the answer, and, no evidence of damage having been offered, was not in error in dismissing the petition. *Motions to strike appellees' argument and to reverse are overruled.—Affirmed.*

FAVILLE, C. J., and EVANS, KINDIG, and GRIMM, JJ., concur.