Nancy Shannon et al., Appellants, v. Keith W. Gaar et ux., Appellees.

No. 46516.

July 28, 1944.

Rehearing Denied September 23, 1944.

Walter F. Maley and F. G. Ryan, both of Des Moines, for appellants.

Stipp, Perry, Bannister, Carpenter & Ahlers, of Des Moines, for appellees.

HALE, J.—Appellants seek to recover damages claimed to have been sustained by reason of the breach by appellees of an alleged oral contract to represent such appellees as brokers in the purchase of the Eddy Apartments in Des Moines. Appellants claim that during the existence of such contract they contacted and reported to appellees the name of a loan company through which $52,600 was obtained by appellees and used in payment of the purchase price of said apartments; and that after reporting the name of such loan agency, appellees conspired to deprive them of their commission by causing C. C. Shive, a real-estate broker, to bid for and purchase the property in his own name. Appellants allege the existence and performance of the contract until prevented by appellees, conspiracy between appellees to deprive appellants of the benefit of the contract, after partial performance by appellants, by employing Shive to bid for and obtain such property, and claim exemplary damages. Appellees by separate answers admit the purchase of the property for Keith W. Gaar by Shive, deny appellants' agency, and deny generally all allegations of the petition not admitted. On motion the claim for exemplary damages was struck from the petition. On trial the jury returned a verdict for appellees. The court overruled objections to instructions and motion for new trial, and the case is before us on appeal.

This is the second appeal in this case. At the first trial, in which C. C. Shive was a party defendant, the court directed a verdict for defendants at the conclusion of plaintiffs' testimony, defendants offering no testimony. On appeal this court sustained the district court's ruling as to Shive, but reversed as to defendants Gaar. See Shannon v. Gaar, 233 Iowa 38, 6 N. W. 2d 304. The holding of this court in that case was that there was sufficient evidence as to the Gaars to submit the case to the jury and the district court was therefore in error in directing the verdict for them.

At the second trial, which began September 20, 1943, both

1362

sides offered testimony. The evidence, with the exception of the testimony of appellees, was, in substance, much the same as in the former trial and need not be reviewed here, the facts being fully set out in Justice Garfield's opinion in Shannon v. Gaar, supra.

In this appeal four errors are assigned.

I. Appellants allege that the trial court was in error in giving Instruction No. 8, which was to the effect that appellee Keith W. Gaar would not be bound by the acts of his wife unless he had full knowledge thereof, and, in the light of such knowledge, accepted the benefits, if any, flowing from the acts and statements of his wife; and in failing to instruct the jury, in accordance with the opinion filed in the former appeal to this court, "that by taking the loan from Hunter, Gaar accepted the benefits of his wife having acted in his behalf and he is in no position now to claim that his acts were unauthorized."

■ Appellants argue that the legal principles announced by the supreme court on a former appeal, whether right or wrong, become the law of the case upon retrial thereof. This proposition is not disputed. It is further argued that, by accepting the benefits of persons assuming to act for another, the person accepting the benefits ratifies the acts of the other and becomes bound therefor. As an abstract principal of law this also is true. But in applying this rule as to the law of the case, appellants insist that the trial court in the present trial disregarded our former opinion.

■ Appellants quote only part of Division I of the former opinion, which throughout, not only in Division I but in Divisions III, IV, V, and VI, decides only the question whether or not there was sufficient evidence to warrant submission to the jury and does not make findings of fact. Under the previous record the only question at issue was whether the court was justified in directing a verdict. This court held that there was sufficient evidence of certain facts to require submission to a jury, and the opinion so states. It is held (Division I) that there was evidence that Mrs. Gaar purported to act for her husband and that her husband had full knowledge of this, knew what transpired between appellants and his wife, and, by clear implication, if not expressly, intended to and did ratify the acts of Mrs. Gaar, and by taking the loan from Hunter accepted the benefits of his wife's

action. But it will be noted that, as in most cases of directed verdict, the opinion does not assert these as established facts, but, applying the rule as to viewing the evidence in its most favorable aspect for plaintiff, states that these were the facts which the jury could find and not that they were established or determined by this court. And throughout the opinion this is its full purport, as in Division V on conspiracy: "* * * we think the evidence was sufficient to warrant a jury finding," and in Division VI: "Even if there were insufficient proof of a conspiracy * * * appellants would still be entitled to have the case submitted to the jury upon proof that these appellees acted wrongfully * * *." [233 Iowa 38, 44, 6 N. W. 2d 304, 308.] Even upon the first appeal appellants did not claim that a verdict should have been directed for them, only that the direction of the verdict against them was erroneous. The trial court based its instruction on our opinion in the former case, and, we think, correctly.

Appellants in argument object to Instruction No. 8 for the reason that the court stated therein that the appellee Keith W. Gaar would be required to have had full knowledge of his wife's purporting to act for him and for herself and in the light of such knowledge accepted the benefits, "in order to constitute a ratification of her acts." This is a correct statement. In order that acceptance of benefits may be equivalent to authorization, it must be with knowledge, and in the former appeal it is stated as one fact which the jury could properly find from the evidence, and, by inference, a necessary fact. This is the rule many times stated by this court. See Roberts v. Rumley, 58 Iowa 301, 12 N. W. 323; Welke v. Wackershauser, 143 Iowa 107, 120 N. W. 77; Young v. Inman & Nelson, 146 Iowa 492, 125 N. W. 177; Windahl v. Vanderwilt, 200 Iowa 816, 203 N. W. 252; Miller v. Chatsworth Sav. Bk., 203 Iowa 411, 212 N. W. 722. See, also, Restatement of the Law, Agency, section 98.

Appellants cite Eadie, Guilford & Co. v. Ashbaugh, 44 Iowa 519, 522, many times cited in our decisions. That case states the general rules as to ratification of an agent's acts by the principal. In that case, while the notes were accepted at first without knowledge, the court states that plaintiffs were seeking to avail themselves of the benefits accruing to them under the sale to Allen and at the same time avoid the burdens of such contract:

"* * * they *having now* at least full and complete knowledge of the terms and conditions of such contract." (Italics ours.) One of our recent cases citing the Eadie case is Chismore v. Marion Sav. Bk., 221 Iowa 1256, 268 N. W. 137, and cases cited.

We hold that the instruction was correct.

II. Appellants next complain of the action of the court in sustaining objection of appellees to the evidence of W. W. Risser to the effect that at the time of the adjourned sale of the apartments, C. C. Shive testified under oath, "he was purchasing the building for himself and none other." This concerns a matter which is not disputed. Shive was not present at this trial. By the holding of this court in the former appeal, Shive was exonerated of any charge of conspiracy; and further, it was admitted in the separate answer of Keith W. Gaar that Shive bought the apartment building for Gaar and was acting for him, and Gaar so testified in the present case. There was no error in excluding this testimony. In re Will of Richardson, 190 Iowa 586, 180 N. W. 639; Dunlap & Co. v. Anderson, 153 Iowa 488, 133 N. W. 910; Crull v. Louisa County, 169 Iowa 199, 151 N. W. 88.

III. The court sustained appellees' motion to strike from appellants' amended and substituted petition the allegations relating to and alleged to sustain appellants' claim for exemplary damages. Appellants argue that the allegations pleaded amount to a cause of action in tort, are wanton and willful. An examination of appellants' amended and substituted petition shows merely allegations of an alleged breach of contract, using the words "wantonly" and "maliciously," which are only opinions and conclusions. The facts pleaded, however, fail to show such wanton and malicious conduct.

But, in any event, appellants cannot complain. The jury allowed no actual damages; hence, exemplary damages cannot be recovered. Appellees cite the following decisions of this court which sustain the holding: Clark Bros. v. Anderson & Perry, 211 Iowa 920, 234 N. W. 844; Boardman v. Marshalltown Grocery Co., 105 Iowa 445, 75 N. W. 343; Kuhn v. Chicago, M. & St. P. R. Co., 74 Iowa 137, 37 N. W. 116; Schwartz v. Davis & Co., 90 Iowa 324, 57 N. W. 849; White v. International Text Book Co., 164 Iowa 693, 146 N. W. 829.

Appellees also correctly argue that the exclusion of evidence as to the amount or kind of damages is immaterial where the jury finds for the defendant. Schultz v. Starr, 180 Iowa 1319, 164 N. W. 163; Crull v. Louisa County, 169 Iowa 199, 151 N. W. 88; Rosenberger & Co. v. Marsh & Co., 108 Iowa 47, 78 N. W. 837; Strever v. Woodward, 178 Iowa 30, 158 N. W. 504.

Even if there had been error in striking out the claim for exemplary damages, it was cured by the verdict for the appellees.

■ IV. At the submission of the instructions to the counsel in the case, the court added what is known as a stock instruction, often given in the trial of cases where verbal statements and admissions are related by witnesses in their testimony. Appellants assign as error the giving of such instruction in this case, especially as to the use of the word "statements" instead of "admissions." Such instructions, in practically the same words, have frequently been approved by this court. Martin v. Town of Algona, 40 Iowa 390, and, most recently, Johnson v. Kinney, 232 Iowa 1016, 7 N. W. 2d 188, 144 A. L. R. 997, and cases cited.

The instruction in the present case was properly balanced, which eliminates the objection made by this court to the instructions in Scurlock v. City of Boone, 142 Iowa 580, 120 N. W. 313; Hawes v. Burlington, C. R. & N. Ry. Co., 64 Iowa 315, 20 N. W. 717; and other cases held to be erroneous. It is the generally recognized rule that testimony as to conversations or oral statements is not only easily fabricated but is subject to the imperfection of human memory and other disabilities, so that a guarding instruction is properly given. 22 C. J. 289, section 318F; 31 C. J. S. 1015, section 265.

Appellants argue that the form of the instructions approved by us has related to statements in the nature of admissions. But this argument would also apply in the present case. Much of the evidence of statements by either party was as to statements having the character of admissions and the instruction applied to both parties. It was proper to tell the jury to consider carefully such oral testimony, and we hold that the court was justified in so doing.

The two cases from other jurisdictions, Hoge v. George, 27

Wyo. 423, 200 P. 96, 18 A. L. R. 469, and Thomas v. Paul, 87 Wis. 607, 58 N. W. 1031, relate to the contracts upon which the actions were based and the instructions applied only to those contracts. We think these cases do not apply here.

We have many times approved the form of the instruction objected to under circumstances where testimony is given as to extrajudicial statements and admissions. Under the facts of this case we see no distinction or necessity of departing from our established rule.

This case has been twice tried, the latter trial resulting in a verdict adverse to appellants, and we find no such error in the instant case as would justify a reversal. The case is therefore affirmed.—Affirmed.

All JUSTICES concur.