## ROSA D. GLEASON, Admx.

*v.*

## DAVID HENRY *et al.*

1.  EXECUTION OF NOTE — *unauthorized, not cured by recognition and promise to pay.*  If an intestate's name has been forged, or signed to a promissory note by an unauthorized person, it does not follow that his estate is liable thereon, upon proof of his recognition of the same and promise to pay.  The ratification, in such a case, must be made with a full knowledge of the facts affecting the party's rights.

2.  FORM *of verdict and judgment in debt.*  A verdict and judgment in an action of debt, before the Practice Act of 1872, for damages only, which includes the principal debt and interest, as in assumpsit, is erroneous.

APPEAL from the Circuit Court of Will county; the Hon. JOSIAH McROBERTS, Judge, presiding.

This was an action of debt, brought by David Henry and John A. Van Buskirk. partners, under the name of David Henry & Co., against Rosa D. Gleason, administratrix of the estate of John Gleason, deceased, upon a sealed promissory note.    The execution of the note was put in issue by a plea verified by oath.    A trial was had, resulting in a verdict and judgment in favor of the plaintiffs.    The opinion of the court states the substantial facts of the case.

Messrs. BRECKENRIDGE & GARNSEY, for the appellant.

Messrs. HILL & DIBELL, for the appellees.

Mr. JUSTICE McALLISTER delivered the opinion of the Court:

Under the issue made by the pleadings, whether appellant's intestate ever executed the note sued on, evidence was given for appellees, plaintiffs below, tending to show a recognition by intestate of liability upon it, and this was the only evidence tending to show that he executed it.

Upon the part of the defendant, evidence was given tending to show that the signature was not that of the intestate.

This being the state of the evidence, the court, on behalf of plaintiffs, instructed the jury that it was wholly immaterial to the issue in the case whether the note given in evidence was signed by John Gleason, with his own hand, or not, and the jury will wholly disregard all evidence offered by the defendant showing. or tending to show, that the note was not signed by him, if the jury believe, from the evidence, that he recognized and promised to pay said note.

This suit was between the payees and the administratrix of the estate of the alleged maker. The instrument was under seal, and the name of a subscribing witness appeared, which was the same as one of the plaintiffs. No attempt was made to account for the non-production of the subscribing witness, and perhaps the presumption should be indulged that, the name being the same, he is presumed to be the same person. However this may be, the instruction is, in effect, that, if intestate's name had been forged, or signed by an unauthorized person, still the recognition and promise to pay would, under all circumstances, make the intestate liable. Such is not the law. "It is," says Parsons, "an almost universal rule that the ratification must be made with full knowledge on the part of the principal of the facts affecting

his rights." 1 Pars. on Notes and Bills, 101; *Helm* v. *Cantrell et al.* 59 Ill. 529.

The defendant's counsel asked an instruction substantially embodying this rule, but it was refused.

This action was debt, and was brought before the Practice Act of 1872. The jury found a verdict only for damages, which included the principal and interest, and judgment was given upon it, as in assumpsit. This was error, as has been repeatedly held by this court.

The judgment will be reversed and the cause remanded.

*Judgment reversed.*