## BARTLE v. BRENIGER.

Contracts: DURESS: ESTOPPEL. A promissory note or contract which might have been avoided on the ground of duress in obtaining it may be validated by subsequent acts of the maker showing a ratification; and by subsequent ratification he will be estopped from insisting on the duress as a defense.

*Appeal from Blackhawk Circuit Court.*

FRIDAY, SEPTEMBER 19.

ACTION of replevin; jury trial, verdict and judgment for defendant. Plaintiff appeals. The further facts appear in the opinion.

*Boies, Allen & Couch* for the appellant.

*Hewett & Dodge* for the appellee.

MILLER, J. — This action was commenced December 13, 1871, to recover certain specific chattels mortgaged by the defendant to the plaintiff October 28, 1870, to secure the payment of a promissory note · made at that time for $195.55, which, it is averred, was then due and unpaid, and that the mortgaged chattels were wrongfully detained from the plaintiff.

Besides a general denial of the allegations of the petition, the defendant pleads that at the time of the execution of the note and mortgage, he was unlawfully arrested and imprisoned by the plaintiff and others, and that, by force of such imprisonment and duress, he was compelled to and did make said note and mortgage, which he claims, for that reason, are void.

Upon these issues the cause was tried to a jury, who rendered a general verdict for the defendant, and also found specially as to certain interrogatories.

We find it unnecessary to examine the various assigned errors, based upon the instructions given by the court to the jury, as we rest our decision upon the tenth and eleventh assignments, that the general verdict is inconsistent with the special findings of the jury, contrary to the evidence and the law.

It appears from the evidence that certain parties, named Brown and Hunter, had purchased a harvester from the plaintiff; that before the harvester was delivered the defendant purchased of them a one-third interest therein, and executed wtih said Brown and Hunter, a note to the plaintiff for the price of the machine. The defendant himself testifies that Bartle, the plaintiff, held this note at the time he (defendant) executed the note and mortgage under which plaintiff claims the property. This latter note and the mortgage were executed at a time when the defendant was under arrest, charged with obtaining goods under false pretenses, upon the execution of which he was released, and were given to secure the same debt evidenced

Bartle v. Breniger.

by the note before mentioned. The substance of the charge upon which defendant was arrested, was that he had made a false statement as to property owned by him, upon which he had obtained credit in the purchase of the harvester before referred to. The former note, given by defendant with Brown and Hunter for the harvester, was not delivered up at the time of the execution of the mortgage and note by the defendant, and conceding that the defendant might have avoided the mortgage as having been obtained under duress of imprisonment, yet he might ratify and confirm the act after his discharge, thereby rendering it valid and binding, and this the jury find he did do by receiving the surrender of the note made by him with Brown and Hunter, duly canceled by the plaintiff. This note was made by two other parties with the defendant for the same consideration for which the last note was made by defendant alone. The first note was a valid and binding obligation secured by two makers in addition to defendant. When defendant received this note from the plaintiff, surrendered and canceled by him, without objection, the plaintiff relying upon the note of the defendant secured by the mortgage, as the jury specially find he did, the defendant thereby ratified and confirmed the making of the note and mortgage. He permitted the plaintiff to surrender to him the first note with its securities, relying upon the note and mortgage, which defendant never repudiated. By accepting a surrender of the former note, without objection, he ratified the mortgage and note given by him for the same debt.

The mortgage being thus ratified and rendered valid and binding, the plaintiff was entitled to the possession of the chattels described therein, and the verdict should have been for him.

Reversed.