J. G. MYER, Appellant, v. EMILIE WEGENER, Appellee.

**Ratification:** INSTUCTIONS. Where a husband signed his wife's name to a note without her authority, and no adoption of his signature by the wife, nor estoppel, was pleaded, nor proof thereof given, an instruction in a suit on the note against the wife, was correct, nothing concerning partial knowledge and duty to act thereon being requested, being in substance: "If you find that defendant, with full knowledge of plaintiff's claim of her liability on the note, and the facts and circumstances respecting the indebtedness evidenced thereby, admitted liability thereon, and promised to pay the same, this will be a ratification; otherwise, if she was not informed of the facts and circumstances respecting the indebtedness evidenced by the note."

New Trials: RATIFICATION AS GROUND: *Evidence.* Where a hus-
band, since deceased, signed his wife's name to a note, and the
evidence showed that she did not know that her name was
so signed, nor the circumstances respecting the indebtedness
for which it was given, a denial of a new trial on the ground
of ratification by the wife was not error,

*Appeal from Pottawattamie District Court.*—HON. N. W.
MACY, Judge.

FRIDAY, MAY 17, 1901.

ACTION at law on a promissory note purporting to be
signed by defendant and one Henry Wegener, her deceased
husband.   Defendant denied her signature under oath, and
the issue thus presented was tried to a jury, resulting in a
verdict and judgment for defendant.   Plaintiff appeals.—
*Affirmed.*

*A. W. Askwith* for appellant.

*W. S. Baird* for appellee.

DEEMER, J.—Defendant and her husband, during his
lifetime, lived in the city of Chicago.   The wife owned prop-
erty in the city of Council Bluffs, and she gave her husband
money with which to come to Council Bluffs and repair her
property.   Arriving at the last named place, the husband
went to plaintiff, and told him he had been given money by
the wife; that before leaving Chicago he became intoxicated,
and was robbed of the money; and he asked plaintiff to go
with him to a bank in Council Bluffs to sign a note as surety
with him, so that he could get money with which
to make repairs.   Plaintiff did as requested, and the hus-
band in this manner procured the money which he afterwards
expended in making repairs upon his wife's real estate.
When the note matured, the husband failed to pay, and the
plaintiff was compelled to take up the note.   Thereafter he
went to the husband to have the amount advanced secured
to him, and the husband executed a note for the amount,

with interest, and took the note thus executed with him to Chicago, promising to have the wife sign, and return to plaintiff after she had affixed her signature. In due time plaintiff received the note by mail, bearing the signature of the husband and what purported to be the signature of the wife. It is the signature of the wife that is denied. While there is a conflict in the evidence regarding the genuineness of the signature, the jury evidently found that it was forged, and with that conclusion plaintiff must be content. He claims, however, that defendant, by correspondence, ratified the signature, and that any other conclusion is without sufficient support in the evidence. Bearing on this question the trial court gave the following instruction: "If you find from the evidence that the plaintiff informed the defendant by letter that he held a note against her and her husband, and sought payment thereof from the defendant: *and if you further find from the evidence that the defendant, with full knowledge on her part of the claim of the plaintiff of liability against her on the note, and the facts and circumstances respecting the indebtedness evidenced by the note, upon which such liability was claimed,* wrote the plaintiff in substance and effect admitting a liability thereon, and promising to pay the same—then such action on the part of the defendant would be a ratification on her part of the signature thereon purporting to be hers, and she would be liable the same as if the signature thereto had been her true and genuine signature. On the other hand, however, if the defendant was not informed that it was claimed by the plaintiff that she had signed the note, or that her signature was thereto as a maker thereof, *and of the facts and circumstances respecting the indebtedness evidenced by the note,* then the defendant would not be held liable as having ratified the same as her own."

There was evidence from which the jury might have found that when defendant wrote the letters which it is claimed constituted a ratification she did not know her

name was signed to the instrument, and abundant evidence that she did not know the circumstances respecting the indebtedness evidenced by the note. There was no error, therefore, in denying plaintiff's motion for a new trial, based on the proposition that the evidence conclusively established ratification.

II. Further claim is made that the italicized portion of the instruction quoted is erroneous, in that there may be ratification without full knowledge of the circumstances.

As adoption of the signature was not pleaded, and as the court instructed solely on the theory of ratification, the case will be considered in this aspect. If duly authorized, defendant's husband, or whoever signed her name to the note, might have bound her by the signature; and, if he had no such authority, but assumed it, it was competent for defendant to ratify the act, and thus confirm what was done. But to constitute ratification it must be shown that the party sought to be charged knew all the circumstances attending the signing, and intended to adopt or ratify the same. This is elementary doctrine, sustained by the following among other authorities: *Bank v. Crafts,* 4 Allen, 477; *Wellington v Jackson,* 121 Mass. 157; *Gleason v. Henry,* 71 Ill. 109. It must be remembered that we are now considering the question of estoppel based on an alleged adoption of, or statement as to the genuineness of the signature. No estoppel is pleaded, and no claim made that the evidence shows an estoppel. Viewed from the standpoint of ratification, which must, under the record, prevail, there was no error in the instruction. If plaintiff desired more specific instructions regarding partial knowledge and defendant's duty to act thereon, he should have asked them. No prejudicial error appears, and the judgment is AFFIRMED.