**Alice Bulger v. Francis P. Gleason and John J. Gleason, doing business as F. P. Gleason & Son.**

**Gen. No. 11,961.**

1. PROMISSORY NOTE—*what does not ratify execution of.* Evidence of the willingness to pay notes does not warrant the inference of a ratification of signatures thereto which are admittedly forged.

Action of assumpsit. Appeal from the Superior Court of Cook County; the Hon. JOSEPH A. GARY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1904. Reversed. Opinion filed October 6, 1905.

**Statement by the Court.** Appellees brought this suit upon two promissory notes, one for $1,000 and the other for $500, payable to their order by the name and style of F. P. Gleason & Son, against Alice Bulger and William J. Bulger, by whom the notes purported to be signed. The declaration counted upon the notes. Alice Bulger only was served with summons. She filed a plea of the general issue

Bulger v. Gleason.

and two special pleas.   The first special plea averred that the notes set forth in the declaration, and each of them, were not executed by her, and were not her notes.   The second special plea denied joint liability on said notes with William J. Bulger.   All the pleas were verified by the affidavit of Alice Bulger.   No replications were filed.   On this state of the pleadings the case went to trial, resulting in a verdict and judgment in favor of plaintiffs.   At the close of the evidence the defendant requested the court to instruct the jury for the defendant, and the court refused the instruction.

EDMUND S. CUMMINGS, for appellant.

W. B. WILSON, for appellees.

MR. PRESIDING JUSTICE SMITH delivered the opinion of the court.

The principal question presented by the record is the sufficiency of the evidence to support the verdict and judgment.

Under the pleadings it became necessary for the plaintiffs to prove the execution of the notes sued on by Alice Bulger, appellant.   It was not pretended or claimed that Alice Bulger signed the notes.   The evidence on behalf of the plaintiffs tended to show that when the notes were called to Mrs. Bulger's attention she said on one occasion that she could not pay the notes, but they would have to be taken care of; that in other conversations she said they would be taken care of, and that they ought to be taken care of; and that she said she could not do anything, but that the notes would be taken care of just as soon as she could get around to it.   At another time she said: "You know I have never received any money on those notes."

On the defense Mrs. Bulger testified that she had never seen the notes before seeing them on the trial, and that the signatures on the notes were not her signatures, and that she knew nothing about the notes except that Mr. Gleason had told her he had received them, and that she had said in regard to the notes and other claims against her husband

that they would have to be paid, but she did not say that she would pay them; that she always said she hoped they would be paid, and that she would try and see that they were paid.

This was all the evidence in the case relating to appellant's liability upon the notes, except a number of letters addressed to her by plaintiffs to which she had never replied.

This evidence we regard as insufficient to fix upon appellant any liability upon the notes. The evidence does not justify any inference that appellant intended to adopt as her own the act of the person who signed her name to the notes, or that she intended to become responsible for the payment of the notes.

This action is on the notes, not on her promise to pay them. Even though the evidence should be considered as justifying the inference that she had promised to pay the notes, this would not warrant the inference that she ratified the signatures to the notes, for she might be willing to pay the indebtedness represented by the notes when she was able to do it, and yet not be willing to give her ratification to the forged signatures on the notes, and make them her obligations. Considered in the most favorable view to the plaintiffs the evidence shows a doubtful state of facts. In Chicago Edison Co. v. Fay, 164 Ill. 323, the court said : "While this court has held that a forged note may be ratified by the principal so as to bind him (Livings v. Wiler, 32 Ill. 387; Hefner v. Vandolah, 62 Id. 483, and Hefner v. Dawson, 63 Id. 403), it has not, to our knowledge, been held in any case that a ratification of a forged instrument can be implied from a doubtful state of facts."

In Gleason, Admx., v. Henry, et al., 71 Ill. 109, the court said, quoting from Parsons : " 'It is,' says Parsons, 'an almost universal rule that the ratification must be made with full knowledge on the part of the principal of the facts affecting his rights.' 1 Pars. on Notes and Bills, 101; Helm v. Cantrell, et al., 59 Ill. 529."

And in Smith v. Tramel, 68 Ia. 488, it was held that

Bulger v. Gleason.

where a party whose name had been forged to a note, upon being asked whether he had authorized the writing of his name, answered evasively, but clearly intimated that he had not, at the same time assuring the holder that the note would be paid, it was not a ratification of the signature and did not make him liable in an action on the note.

Under these authorities we do not think the evidence in this case, with all reasonable inferences that may be drawn from it, makes the appellant liable upon the notes sued on, and therefore the court should have given the instruction requested by appellant to find the issues for the defendant.

We think the trial court erred also in giving the instruction on behalf of the plaintiffs for the reasons indicated above, and for the further reason that there is no evidence in the case affording a basis for it. The instruction should have included the qualification that at the time of making the recognition of liability and promise to pay the notes the defendant had full knowledge of all the facts affecting her rights. We cannot agree with the contention of appellees' counsel that this deficiency of the instruction was supplied by an instruction requested by appellant, and given in a modified form by the court, for the reason that the court's modification confines the necessary knowledge of the defendant to the fact that her signature was on the notes. This is not the law.

For the reasons given the judgment is reversed; and inasmuch as in our opinion there can be no recovery on the facts, the case is not remanded.

*Reversed.*