Palo Alto Stock Farm, Appellant, v. F. J. Brooker.

**Negotiable instruments:** EXECUTION: FRAUD. The concealment of
1  the printed portion of a contract at the time of signing will not render the instrument void, in the absence of a fraudulent intent in so doing.

**Ratification.** Where one of several purchasers of property con-
2  tended that the note given by him for his share of the price was fraudulently obtained, but there was evidence that he

joined with the others in receiving and arranging for the care and management of the property, with a knowledge that they signed the same contract, the issue of ratification should have been submitted to the jury.

*Appeal from Winnebago District Court.*— HON. C. H. KELLEY, Judge.

WEDNESDAY, JULY 11, 1906.

ACTION on a contract.    Judgment for defendant.    The plaintiff appeals.—*Reversed.*

*H. A. Brown* and *E. A. Morling,* for appellant.

*Andrew Miller* and *George E. Pike,* for appellee.

LADD, J.—A part of plaintiff's business was selling stallions to farmers.    The price of one known as " Chamberlin " was $3,000, divided into twelve shares of $250 each. The paper sued on purports to be signed by eleven persons, agreeing to take a share each, and two persons, agreeing to take a half share each.    It was in print, reciting an agreement to sell at the above price to the subscribers who promise to pay the amount stated per share, to be paid in cash or in four equal annual payments, evidenced by the joint and several negotiable notes of the subscribers.    The defendant's name appeared on the paper, but he refused to accept the horse or become a member of the company, and this suit for the price of a share was commenced.    The defense interposed that the contract mentioned had been printed above defendant's name after he had signed it in a book used by plaintiff's agent, or else it had been fraudulently concealed when his signature was attached.

The evidence as to each of these issues was in conflict, and, in submitting the last, the jury was told that, if " the contract was concealed from defendant's knowledge and sight by the agent of plaintiff at the time defendant signed his

name, the instrument was a forgery, and the verdict should be
for defendant." The converse of this was
stated in the instruction following. These
instructions are erroneous. The mere con-
cealment of the printed form from defendant when he
attached his signature would not render it a forgery. This
may have been done unintentionally. Indeed, if such were
the fact, this is the more reasonable explanation, for it is
not pretended that the terms ware not substantially as orally
stated by the agent. If the printed matter was unintention-
ally obscured from the defendant's view, and he carelessly
signed the paper without ascertaining its contents, there is
no reason for relieving him from the obligation assumed.
On the other hand, if the printed matter was concealed by
the agent with the design of obtaining some advantage over
defendant, that is, if it was done fraudulently the defendant
is not bound. The error was in not exacting, as essential
to relief, a finding that the concealment was fraudulent.
This does not seem to be questioned, but it is insisted that
the error was without prejudice. Enough has been said to
indicate otherwise.

1. NEGOTIABLE INSTRUMENTS: execution: fraud.

Ratification was pleaded, but the issue was not submitted
to the jury. The evidence of two witnesses, at least, tended
to show that defendant joined others who had subscribed
for shares in organizing a company and in ar-
ranging for the care and management of the
horse, and that this was with the knowledge that his name
appeared beneath the same contract others had signed. On
the other hand, the defendant and other witnesses testified
that what he did was on the express condition that he should
conclude to become a member of the company. If this condi-
tion was stated, there was no ratification, but if not, and he
exercised acts of ownership over the horse, or participated
therein with other subscribers in such manner as to indicate
that he had joined them in accepting the animal under the
contract mentioned, then he ratified the placing of his name

2. RATIFICATION.

beneath the printed form or the printed matter over his name. and the jury should have been so instructed.    As the contract was voidable only, it was subject to ratification, and that issue should have been submitted.

Appellant further contends that, in any event, the verdict is without support in the evidence.    While it is all but inconceivable that defendant, and others who subscribed for shares, supposed they were placing their names on a blank piece of paper, such is their testimony, and it was for the jury to pass upon their credibility.—*Reversed.*