G. B. CARSTENS, Executor of the Will of Jacob Carstens, Appellee, v. RENKE P. GERDES, Appellant.

**Suretyship:** CONTRIBUTION: EVIDENCE. In suing to inforce contribution against a co-surety on a note the evidence is held to show that defendant executed the note, not for the benefit of plaintiff as surety, but as a co-surety with the plaintiff.

**Same:** CONSIDERATION. The making of a loan on the credit of all the makers of the note given therefor is sufficient to support an action by one signer as surety against another for contribution.

*Appeal from Pocahontas District Court.*— HON. A. D. BAILIE, Judge.

FRIDAY, APRIL 10, 1908.

THE opinion states the case.— *Affirmed.*

*Lynch & Berry,* for appellant.

*Ralston & Shaw,* for appellee.

WEAVER, J.—The petition alleges that Jacob Carstens, in his lifetime, and the defendant herein, became co-sureties upon the promissory note of one Henry R. Gerdes to E. A. Richards; that the principal maker neglected and failed to pay the note when due, and upon demand therefor by the holder the same was paid by Carstens at an expenditure of $1,024.22; and that his said co-surety contributed nothing to said payment. Carstens having since died, the plaintiff,

as the executor of his will, brings this action at law to enforce contribution by the defendant. The defendant admits the making of the note, but says that he signed it solely at the request and for the accommodation of Jacob Carstens, and not as surety for Henry I. Gerdes. There was a trial to a jury, and verdict and judgment for plaintiff. Defendant appeals.

The case is purely one of fact, and the evidence is ample to support the verdict. It is appellant's theory, and such was his testimony, that Henry R. Gerdes applied to Jacob Carstens for a loan of $1,000. To this

1. SURETYSHIP: contribution: evidence.

application Carstens replied to the effect that he had the money in the bank, but could not withdraw it at that time without losing the interest thereon. He offered, however, to sign Gerdes' note for a temporary loan from Richards, saying that later he might have funds to accommodate the applicant. Thereupon a note for $1,000 was made to Richards, the proprietor of the bank where Carstens' money was deposited, and signed by Henry R. Gerdes, the borrower, and by Carstens and the appellant, a brother of said Henry R. Gerdes. Notwithstanding the denial of both Gerdes and his brother, the entire logic of the admitted circumstances confirms the appellee's claim that Carstens and appellant were co-sureties, Carstens did not require the aid of the appellant's credit upon a note given to the very banker who held Carstens' money. It was not Carstens, but Henry R. Gerdes, who was seeking the accommodation. The only reasonable theory of the transaction is that appellant came to the aid of his brother in obtaining the loan, and signed the note as his surety, and not as surety of Carstens. Appellant's counsel, by some process of deduction which we do not quite understand, contend that the transaction was in effect and in fact a loan from Carstens to Henry R. Gerdes; but, if that be the case, it is impossible to understand why appellant should have become surety for Carstens, while on either theory of

the transaction there is every apparent reason why he should have become surety for his brother.

Error is also assigned upon certain rulings of the trial court. Among others, complaint is made because the court sustained objection to evidence that appellant received no consideration for signing the note. The ruling was correct. If there was sufficient consideration given by Richards to Henry R. Gerdes for the note itself, and of this there is no denial, it is wholly immaterial that the surety received no part of it or received no benefit from his undertaking. The making of the loan to one upon the credit of all of the signers of the note is all the consideration necessary to support the sureties' promise to pay.

**2. SAME: consideration.**

Other points raised in argument are not well taken.

The judgment of the district court is right and it is *affirmed*.