# April Term, 1919

## No. 9454.

### ANDERSON *v*. KURTZ.

1. FRAUD—*Pleading*. A pleading assuming to allege fraud in procuring a certain writing, *held*, to be devoid of any sufficient allegation of the defense

2. PLEADING—*Certainty*. A reply attempting to set up mental incompetency in the execution of a writing of settlement, *held* vague, inconsistent, and entirely insufficient.

3. CONSTRUED—As to inconsistent allegations, those must be accepted which are against the interest of the party pleading.

4. CONTRACT—*Ratification*. The acceptance of a sum of money and signing a receipt therefor, with knowledge that it is paid pursuant to, and in execution of a previous settlement is a ratification of such settlement.

*Error to Denver District Court, Hon. John A. Perry, Judge.*

*In Department.*

Mr. HENRY V. JOHNSON, for plaintiff in error.

Mr. WILLIAM E. HUTTON and Mr. BRUCE B. McCAY, for defendant in error.

THIS was an action for damages brought by plaintiff in error against defendant in error for injuries sustained in a collision on the streets of Denver, January 17, 1918, while plaintiff was riding a bicycle and defendant driving an automobile. Plaintiff alleges that he was stunned and bruised; that his left leg was wrenched and twisted, the ligaments at the knee torn loose, and part of the bone torn and broken away. He demands damages in the sum of $1,000.00. One of the defenses set up in the answer, and the only one necessary to notice, is the execution of a settlement and receipts in words and figures as follows, to-wit:

"January 17, 1918.

I, the undersigned, will release Miss Kurtz from all blame and other responsibility for my condition, provided she will pay the surgeon fees of Dr. Sherman Williams, and the expenses of the X-ray picture, and the hospital expenses, together with repairing the bicycle properly, and pays me $25.00 for lost time, for which consideration I agree to release her from any and all claims which I or any of my heirs or relatives might make against Miss Elizabeth Kurtz, on account of the collision and injury which took place at Twelfth and Broadway, about 3 p. m., January 17, 1918.                (Signed) WILLIAM ANDERSON,
772 Sherman St.

Witness:
OLIVE L. BAKER.

Denver, Colo., Jan. 18, 1918.

Received of Elizabeth Kurtz the sum of twenty-five dollars ($25.00), mentioned in the above contract, and ten dollars ($10.00) for X-ray picture, total thirty-five dollars ($35.00).                (Signed) WILLIAM ANDERSON.

Witness:
SHERMAN WILLIAMS."

As to these, it is further alleged that the defendant paid the expenses, including the surgeon's fee, the taking of an X-ray picture, the repair of defendant's bicycle, and paid plaintiff the sum of $25.00, as recited in the receipt. A replication was filed, demurrer thereto sustained, and an amended replication filed, which latter, among other things, recited that immediately after the accident plaintiff was taken by defendant to the office of her own surgeon, then to another office, where an X-ray was taken, then back to the surgeon's office, where he was told by the surgeon "that he must settle with defendant before anything would be done for him, and that he must sign a release of all claims for damages against defendant on account of said accident and negligence of defendant, and the injuries resulting therefrom." That thereupon the document was dictated

which he was told to sign; that nothing was done for him until he had signed.

"That at said time plaintiff was in such dazed, stunned and suffering condition that he could not and did not realize or understand the purport and effect of what he was doing * * * that he was coerced into signing same by the threat that nothing would be done for him before he signed it * * * that on the next day, and whilst plaintiff was, in a hospital, and whilst he was still suffering, and while he was alone, and when he had no opportunity to confer with any one as to his rights in the premises, and while he was entirely ignorant of said rights, the defendant and her said surgeon came together to plaintiff in said hospital and told plaintiff that defendant paid $10.00 for the X-ray picture, and tendered him $25.00, and told him to sign the receipt for $35.00 * * * that plaintiff signed said receipt, not knowing or realizing what was the purport and effect of same, and ignorantly believing that as he had signed the agreement of the previous day, that he could not do anything except what defendant and her surgeon directed him to do, and was ignorant as to what his rights were in the premises, and he was mentally and physically incompetent to resist the directions and importunities and the insistence of defendant and her surgeon to sign said alleged receipt and agreement."

To this amended replication a demurrer was filed and sustained. Plaintiff elected to stand on his pleadings. Judgment was entered in favor of defendant and the cause comes here for review on error.

Mr. Justice Burke delivered the opinion of the court.

The sufficiency of this replication is the only question for our consideration.

The defenses to the settlement and receipt which plaintiff insists are sufficiently set out are fraud, duress and mental incompetency.

On the question of fraud, it is enough to say that this replication is wholly devoid of any sufficient allegations in

support thereof. *Kilpatrick v. Miller*, 55 Colo. 419, 422, 135 Pac. 780. The other two defenses may be considered together.

It will be observed that it was defendant's surgeon to whom she had taken plaintiff and who was about to treat him for his injuries. In the absence of an allegation to the contrary, it must be presumed that plaintiff knew this at the time, and hence must further be presumed that that treatment was to be at defendant's expense. There was therefore nothing illegal or improper in the declination to furnish such medical services without some preceding settlement of defendant's liability. It does not appear that plaintiff was coerced into this settlement; that anything was done to prevent his conferring with friends and relatives or with his own attorney or his own surgeon; that any misrepresentations were made to him as to the extent of his injuries; that he was restrained of his liberty or otherwise imposed upon. His replication is contradictory, and as to inconsistent allegations, those must be accepted which are against his interest. He says he did not understand the purport and effect of the instrument he was asked to sign, yet admits these were fully and correctly explained to him. He makes the same allegations as to the lack of understanding of the purport and effect of the receipt which he signed the following day, but it clearly appears he knew it to be a receipt for $35.00, and that he knew the purport and effect of the instrument he had previously signed. Again there was no coercion, no undue restraint, no misrepresentation. Plaintiff does not deny that the $25.00 was then paid to him. He alleges that he tendered this money back more than three months later. He must have obtained it on the date of the receipt, and known for what purpose it was paid. His signature of this receipt and acceptance of the money thereunder was an affirmance and ratification of the settlement executed the preceding day. *Bartle v. Breniger*, 37 Ia. 139. The only element suggested which might avoid that settlement was

the denial of the medical assistance of which he then stood in immediate need. It is not claimed that this element entered into the transaction in the execution of the receipt and the payment of the money on the following day. There are no allegations in this replication to support the defenses of mental incompetency and duress. The demurrer was properly sustained and the judgment is affirmed.

Garrigues, C. J., and Bailey, J., concur.