P. H. BELL, Appellant, v. FLORENCE C. COOPER et al., Appellees.

**PRINCIPAL AND SURETY: Consideration as to Maker—Sufficient as to Surety.** If a note rests on lawful consideration as to the principal maker, it will not avail that the surety received nothing for signing.

**CONTRACTS: Consideration—Benefit and Disadvantage.** A contract is supported by ample consideration when the maker is thereby enabled to discharge a prior legal obligation for less money after the contract was made than prior to its making, and when the maker acquires new and advantageous legal rights.

*Appeal from Dallas District Court.*—LORIN N. HAYS, Judge.

MAY 8, 1919.

SUPPLEMENTAL OPINION, DECEMBER 31, 1920.

SUIT on promissory note. Plea of want of consideration sustained. Plaintiff appeals.—*Reversed and remanded.*

*Ayres, Strauss & Shaw,* for appellant.

*Guy A. Miller,* for appellees.

SALINGER, J.—I. Appellee Florence C. Cooper signed the note in suit, as a surety. The suit against the principal, W. D. Cooper, was dismissed because he had been discharged in bank-
ruptcy. Therefore, the only question presented by this appeal is whether the surety was rightly released on the plea that the note was void for want of consideration. If as to the principal
the note rests on lawful consideration, it will not avail that the surety received nothing for signing. As to sureties, the consideration is the benefit received by the principal, and the detriment to the payee in having relied on the undertaking of the sureties. *Sherman v. Smith,* 185 Iowa 654. So the review narrows to whether the note is supported by consideration so far as the principal is concerned.

1. PRINCIPAL AND SURETY: consideration as to maker: sufficient as to surety.

Appellant asserts that several things furnish a sufficient consideration. It may be assumed this is untenable as to all but one of the matters urged. But if it may be found that some one thing is a sufficient support of the note, it is immaterial that that is the only thing. One good and sufficient consideration is as good as a dozen.

II. We proceed to inquire whether one thing urged as being a sufficient consideration is such. Whether it is or not depends upon what the situation was on August 3, 1914, when the note in suit was executed.

W. D. Cooper had made a valid contract with Bell to pay off a note that Bell had given to one Sylvester. On the day the note in suit was given, but prior to its delivery, Cooper was still under obligation to pay the Sylvester note when the same became due, but had the privilege to pay it off before maturity, if he so elected. On the day the note in suit was delivered, but prior to its delivery, Cooper could release himself from the contract with Bell only by on that day paying to Sylvester the face

of the Sylvester note, plus interest from June 18, 1914, to. August 3, 1914. If the acceptance of the note in suit enabled Cooper to discharge the contract with Bell for less than this sum, then the note given by Cooper is on sufficient consideration. The note in suit recites that its payment to Sylvester will cancel it. This permits Cooper to pay the note in suit to Sylvester, but does not compel him to pay it to Sylvester. It further recites that it is given in lieu of the Sylvester note. Strictly speaking, that is not so. But it is self-evident that, while the note in suit is not in lieu of, i. e., a substitute for the Sylvester note, it is manifest that it is a substitute for the contract whereby Cooper bound himself to pay the Sylvester note. It seems self-evident that, if Cooper made payment to Bell on the note in suit, the latter could not hold Cooper liable on his earlier agreement to pay off the Sylvester note.

The situation, then, is this: On the day the note in suit was given, but before it was delivered, the contract of assumption could be discharged by nothing less than by Cooper's paying Sylvester $3,500 principal and $23.83 interest. Now, the note in suit was also payable before its maturity, at the election of Cooper. If, on August 3rd, he had elected to carry out his original contract, he would have been compelled to pay Sylvester $3,523.83. If, after he delivered his note to Bell, and on the same day, he used his privilege and elected to pay the Bell note, he could discharge the same by paying $3,500. The exact effect of the new arrangement, then, is this: On August 3, 1914, but before the Cooper note was delivered to Bell, Cooper could not obtain a release from the contract with Bell except by paying Sylvester $3,523.83. After the note was accepted, Cooper could release himself from that contract by paying Bell $3,500. In other words, without the making of the note in suit, an election by Cooper to carry out his contract would have cost him $3,523.83. Because of the making and delivery of the note in suit, Cooper obtained the right to discharge his contract of assumption by paying Bell $3,500. It would be pedantic to cite authorities defining what constitutes a consideration. It is a benefit to one party, a detriment to the other, or both. The arrangement effectuated by the acceptance of this note gave an advantage to Cooper, and, at the same time, worked a detriment

to Bell. Therefore, the note is sustained by a consideration as to the principal, and it was error to release the surety.

The cause must be reversed and remanded, with direction that judgment be entered against appellee Florence C. Cooper, as prayed in the petition.—*Reversed and remanded.*

LADD, C. J., EVANS and PRESTON, JJ., concur.

## SUPPLEMENTAL OPINION

I. In response to a petition for rehearing, we deem it advisable to file this supplement.

No material fact is in dispute. Earlier than the note in suit was made, Cooper bought a stock of merchandise from Bell. Bell then owed one Sylvester a promissory note, given him by Bell. In the bill of sale made by Bell to Cooper, it was stipulated that title to this stock of goods was given to Cooper subject to this note made by Bell to Sylvester, and that the buyer, Cooper, "assumes and agrees to pay" the Bell-Sylvester note. Cooper had possession of the bill of sale. On the 3d of August, 1914, Bell had become dissatisfied with this contract of assumption in the bill, because evidence of that agreement existed only in said bill of sale, of which Cooper had possession. Thereupon, Bell induced Cooper and Mrs. Cooper to execute the note in suit. It is dated August 3, 1914, and for $3,500. The Sylvester note is also for $3,500. The note in suit was made payable on or before December 18, 1915. The Sylvester note, too, was payable at option. It was unpaid at the time the note in suit was made. But interest payments had been made, covering interest to the June 18th preceding the August 3d on which the note in suit was made. That is to say, when the Coopers made their note to Bell, the note given by Bell to Sylvester had earned interest at 7 per cent for 15 or 16 days—some $23. In the note in suit is this clause:

2. CONTRACTS: consideration: benefit and disadvantage.

"This note is given in lieu of a note of like amount, date of December 18, 1912, made by Florence A. Bell and P. H. Bell to V. W. Sylvester, and it is understood and agreed that the pay-

ment of said note to V. W. Sylvester will cancel this note [the one in suit] in full."

II. W. D. Cooper was liable to Sylvester because he had agreed to assume and pay the Sylvester note. As between Bell and Sylvester, Bell was primarily liable for said interest, because he had made the note to Sylvester. As between Bell and Cooper, Cooper was, by reason of the contract of assumption, primarily liable on the Sylvester note. He had the right to pay it off at any time. Had he done so an hour or a minute before or after the note in suit was executed, he would have had to pay Sylvester the sum of $3,523.83, $23.83 thereof being interest between the time interest was last paid, and the day on which the note in suit was made. The note in suit was also payable at pleasure of the makers, and was for $3,500. Cooper had the right to pay it to Bell in one minute after it was made, and $3,500 would then have paid it.

If the plea of want of consideration interposed is good, it is so because the execution of the note in suit worked neither a detriment to Bell nor a benefit to W. D. Cooper. True, the only contract change is that payment by Cooper of the Sylvester note should cancel the note in suit. True, that contract affords no consideration for the note sued on. But was not a change effected outside of what said contract provision effects? The very taking of the note because Bell was dissatisfied with the assumption of the Sylvester note written in the bill of sale, as matter of law, and as between Bell and Cooper, substituted the new note for the contract of assumption. In other words, when Bell obtained the note, Cooper was at liberty to pay it at once. On such payment, Bell could no longer enforce the contract of assumption. In still other words, under the contract of assumption, as between Bell and Cooper, Cooper was primarily liable to Sylvester. Bell could insist that Cooper pay, and could subject the property of Cooper to payment. While, despite the giving of the new note, Sylvester could still demand payment of Cooper, if Cooper paid the note in suit to Bell, Bell could no longer treat Cooper as a primary debtor. It follows that the obtaining of the new note, plus payment thereof (which Cooper was at liberty to make at any time), gave Cooper the new privilege of making Bell the primary debtor. He could sue Bell

because Bell failed to pay Sylvester. It comes to this: Cooper obtained new rights by giving the new note; he obtained the right to sue Bell, if Cooper paid Bell on the day the note was made, and then Sylvester made Cooper respond for more than the face of the note in suit. And Cooper, by paying Bell, could, as between them, discharge himself of a liability to Sylvester in $3,523.83, by paying Bell $3,500.

It is elementary that the size of the consideration does not matter. On the plea of want of consideration, the law does not measure, but only ascertains existence. Equally elementary is it that, if the new note is supported by a consideration as to Cooper, the principal, it is supported as to his surety. It follows that the petition for rehearing must be overruled.