BEN MARSHAK, Appellee, v. S. FONTANA, Appellant.

**BILLS AND NOTES:** Actions—Title to Sustain Action. The production of a check by the plaintiff payee is sufficient evidence of title to establish a prima-facie case.

**BILLS AND NOTES:** Protest—Certificate. Principle reaffirmed that the certificate of a notary as to the protest of a check is prima-facie evidence of the truth of the recitals therein.

*Appeal from Hamilton District Court.*—R. M. WRIGHT, Judge.

NOVEMBER 21, 1922.

REHEARING DENIED MARCH 13, 1923.

OPINION states the case.—*Affirmed.*

*F. J. Lund,* for appellant.

*E. P. Prince,* for appellee.

DE GRAFF, J.—Plaintiff seeks to recover from defendant on a bank check in the sum of $460 which represented the balance due on a carload of pears purchased by the defendant from the plaintiff. A counterclaim was filed by the defendant alleging that plaintiff orally warranted and represented that said carload of pears was sound and not decayed and were fit for human consumption and that said pears would keep for more than 15 days after the date of purchase. The pleaded facts were sufficiently traversed and damages were alleged in the sum of $800. On these issues the case was submitted to the jury and a verdict in the sum of $463.08 was returned in favor of the plaintiff.

Appellant contends that the court erred in holding as a matter of law that the plaintiff was the owner of the check in suit. There is no merit in this contention. Plaintiff is the payee and the production of the paper by him

1. BILLS AND NOTES: actions: title to sustain action.

is sufficient evidence of title to establish a prima-facie case. *American Exp. Co. v. Peoples Sav. Bank,* 192 Iowa 366. The presumptive evidence of plaintiff's ownership and his right to sue thereon was in no manner rebutted by the defendant. *Bigelow v. Burnham,* 90 Iowa 300. In fact defendant pleaded and admitted the execution and delivery of the check to the plaintiff.

Appellant also complains that the court erred in permitting a recovery of protest fees on the theory that no proof was adduced that plaintiff ever paid said fees or that the check in suit was ever protested. The check was an inland

2. BILLS AND NOTES: protest: certificate.

or domestic bill of exchange and protest thereof in case of dishonor is unnecessary. Section 3060-a 152 Supp. Code. 1913.

However, when the instant check was presented to the bank, payment was refused and it was duly protested for nonpayment. The certificate of the notary in due form was attached which is prima-facie evidence of the recitals contained therein. Section 4624 Code 1897. The check was sufficiently identified and under the specific objections made by the defendant at the time of the introduction of the check and notarial certificate the trial court properly admitted same.

The material facts in issue in this case were in dispute and the verdict of the jury is conclusive on these matters. The

evidence sustains the verdict.   The instructions given by the court are in harmony with the issues· joined and the evidence offered in support thereof.   We discover no reason for granting a new trial.   Wherefore the judgment entered by the trial court is—*Affirmed.*

STEVENS, C. J., WEAVER and PRESTON, JJ., concur.