E. S. WINDAHL, Appellee, v. W. J. VANDERWILT et al., Appellants.

**BILLS AND NOTES:** Execution—Filling Blanks—Burden of Proof. A
1 party who signs a note in blank and intrusts it to his agent, with specified authority to fill the blanks, has the burden, when such issue is material, to show that the blanks were filled contrary to the authority granted.

**BILLS AND NOTES:** Execution—Unauthorized Filling of Blanks—
2 Ratification. Ratification by the signer of a promissory note of an unauthorized filling of blanks is simply dependent on the fact that the signer, when he acts, must have full knowledge of all the facts relative to such unauthorized filling.

**PRINCIPAL AND SURETY:** Consideration to Surety. It is quite im-
3 material that a surety, in signing a promissory note, received no actual consideration for such signing.

**BILLS AND NOTES:** Execution—Unauthorized Filling of Blanks—
4 Presumption of Ratification. A signer of a promissory note who fails to repudiate promptly an unauthorized filling of blanks in the note, will be presumed to have ratified the unauthorized act.

Headnote 1: 8 C. J. p. 1001 (Anno.) Headnote 2: 2 C. J. p. 508; 8 C. J. p. 190 (Anno.) · Headnote 3: 32 Cyc. p. 54. Headnote 4: 2 C. J. p. 509; 8 C. J. p. 190.

*Appeal from Mahaska District Court.*—H. F. WAGNER, Judge.

APRIL 7, 1925.

REHEARING DENIED OCTOBER 31, 1925.

SUIT on a promissory note executed by the defendants W. J. and Bert Vanderwilt to plaintiff E. S. Windahl. Cause tried to a jury, resulting in a verdict for plaintiff for the face of the note and interest, to wit, $3,514.83. From the judgment entered, defendant W. J. Vanderwilt appeals.—*Affirmed.*

*W. H. Keating* and *Thomas J. Bray,* for appellants.

*Irving C. Johnson* and *McCoy & McCoy,* for appellee.

DE GRAFF, J.—Plaintiff, as payee, instituted an action to recover from the defendants on a promissory note, which reads as follows:

"Oskaloosa, Iowa

$3000                                           July 16, 1921

One year after date, we promise to pay to the order of E. S. Windahl at the Peoples Trust & Savings Bank, at its banking house in Oskaloosa, Iowa, Three Thousand and no/100 Dollars, with interest at the rate of 8% from date semi-annually.

Bert Vanderwilt
W. J. Vanderwilt.''

With the defendant Bert Vanderwilt we are not concerned on this appeal, as his answer to petition of plaintiff was withdrawn, and judgment was entered against him in favor of the plaintiff for the entire amount due on said note.

The defendant W. J. Vanderwilt filed a substituted answer containing a general denial: and in addition thereto he pleaded that, on or about the 16th day of July, 1921, he orally agreed with his son Bert Vanderwilt to sign a note with him as surety, for the sum of $2,000, payable to the Associated Packing Company, one year from date, bearing 6 per cent interest; and that, pursuant to this agreement, he did sign, as surety for the said Bert Vanderwilt, a promissory note in blank; and at the time he so signed, he delivered the same to Bert Vanderwilt, and authorized him to insert as the amount of said note a sum not exceeding $2,000, and a rate of interest of 6 per cent

1. BILLS AND NOTES: execution: filling blanks: burden of proof.

per annum, and that the name of the Associated Packing Company should be inserted as payee thereof; that he did not authorize the said Bert Vanderwilt or any other person to insert in said blank note the sum of $3,000 or a rate of interest therein of 8 per cent per annum, or the name of E. S. Windahl as payee thereof. Further answering, the defendant alleged that the note in suit was without consideration.

To this answer, plaintiff, for reply, filed a general denial, and further alleged that the note in suit was executed by the defendants, W. J. and Bert Vanderwilt, as a renewal of a note in the sum of $3,500, executed by the defendants to this plaintiff; that $500 had been paid on the original note prior to the giving of the renewal, and that interest was paid on said original note; that thereafter, the defendant W. J. Vanderwilt, with full knowledge of the amount of the note in suit and of the conditions and terms thereof, paid the interest upon said note for six months in the sum of $120; and that, by the execution of the note in suit and the payment of the interest thereon, the said defendant ratified and confirmed the execution of said note. By an amendment to reply, plaintiff further states that the defendant W. J. Vanderwilt ratified the alleged unauthorized act of Bert Vanderwilt, in that, with full knowledge of the said unauthorized act, he paid the interest on the said note and agreed to pay $500 on said note and renew the same; that the defendant W. J. Vanderwilt was at all times indebted in the sum of $3,000 on notes he had signed with his son, Bert Vanderwilt, and that said indebtedness was never paid; and that it was a valid and subsisting indebtedness on July 16, 1921, when he signed the note in suit, and with full knowledge on the part of W. J. Vanderwilt of said facts; that the said defendant never repudiated said note; and that, by his failure to repudiate, after having full knowledge of the facts, he thereby ratified the acts performed by his agent, Bert Vanderwilt.

The issues in this case are fairly well defined. The facts are not free from dispute; but the verdict of the jury finds ample support in the record. Therefore, unless the court is in error in the instructions given or refused, the judgment entered must be affirmed.

The burden was upon the defendant W. J. Vanderwilt to

establish by a preponderance of the evidence that the note was
signed in blank, and that the blanks, if any, were filled contrary
to the authority given by him to his son Bert, who acted as his
agent in this particular. The jury was warranted in finding
from the evidence that the $3,000 note in suit was a renewal note,
and that, prior to the giving of this note, the Vanderwilts were
indebted to the plaintiff in the sum of $3,000 on notes which
they had signed, and which were surrendered upon the execution
and delivery of the $3,000 note in suit. The defendant W. J.
Vanderwilt was notified when the first semiannual interest on
the $3,000 was due; and it was paid. He was also informed that
it was the note payable to the plaintiff E. S. Windahl. Payment
of the note was demanded at maturity, and notice of time of
payment was given, prior to date of maturity. The petition in
the instant case was filed September 21, 1922; and on July 11,
1922, the attention of W. J. Vanderwilt was directed to the fact,
by a letter from an officer of the Trust & Savings Bank, that his
note for $3,000, given to E. S. Windahl, would have to be paid,
and that it was due July 16th. In this letter reference is made
to the $3,000 note, and that the request of W. J. Vanderwilt
that he would like to pay $500 and renew the remainder would
have to be denied. Nine days later, he was notified that suit
would be instituted on the note for the next term of court,
unless paid before that time. That the defendant W. J. Van-
derwilt signed as surety on the note in question, there is no
dispute. It is so pleaded; but it is his claim that he authorized
his son Bert to insert a sum not exceeding $2,000, to insert a
rate of interest of 6 per cent, and to insert the name of the
Associated Packing Company as payee. At the time in ques-
tion, the Associated Packing Company was in the hands of a
receiver, and defendant W. J. Vanderwilt admits that he knew
this fact. It may also be observed that the note was on a blank
form used by the Peoples Trust & Savings Bank of Oskaloosa,
Iowa; and its name appears on the face of the note in large
black printed type. It further appears that the words "eight
per cent" were printed on the face of said note, and no change
was made in this respect. This was the condition of the note
when signed by the defendant W. J. Vanderwilt, prior to its
delivery by him to Bert Vanderwilt for his signature. The only

820 WINDAHL v. VANDERWILT. [200 Iowa

blanks found on the face of this note are spaces in which to insert the date of execution, the time of payment, the payee, and the amount of the note. After the defendant W. J. Vanderwilt signed and delivered this note to his son Bert, he never made any inquiries concerning where the note was, or the amount of it, or when it became due. He testified that he did not know that the note was made out on the Peoples Trust & Savings Bank blank, at the time he signed it.

"I just signed the note in blank. I did not look at it at all."

The jury, however, could find that the defendant did know, before the note matured, that it was payable to E. S. Windahl and that it was for $3,000. At no time until the filing of the substituted answer by the defendant, which bears date July 19, 1924, was any claim made by the defendant W. J. Vanderwilt that the note had been filled in contrary to his authority. This is a significant fact. In conversation with the bank officials which involved this very note, he never suggested that his son had acted contrary to his authority in any respect; and the defendant admitted that he went to the Peoples Trust & Savings Bank about this note "that was held by Mr. Windahl." This was in July, 1922, in response to a letter he had received from the bank in reference to this note.

"Q. That was the first time you ever knew that this note you now claim you authorized your son to make for $2,000 was a $3,000 note? A. Yes, sir. * * * I did not say anything to Mr. Taylor that this note was supposed to have been only a $2,000 note, and I never made any claim to anyone who was insisting or asking about the payment of this note, that this note was supposed to be a $2,000 note; and the first time I ever declared publicly that it was only a $2,000 note was when I filed my answer on January 19, 1924."

In his original answer, filed September 28, 1922, no such defense was made. The interest on this note was paid, in the sum of $120, and the jury could find that it was paid in response to a letter written to the defendant W. J. Vanderwilt on January 17, 1922. Two days later, the interest was paid. Bert Vanderwilt at that time was a nonresident of the state. He left Oskaloosa in the fall of 1921, and was not in that city

in January, 1922. The cashier of the bank testified that, in his best judgment, the interest was paid by W. J. Vanderwilt. In July, 1922, W. J. Vanderwilt was asking for a chance to pay the $3,000 note, and requested that he be privileged to pay $500 down and renew the note for the balance. The defendant testified:

"I would have paid it at that time in that way, by paying $500 and renewing the note; and I wanted to and expected to do that, and recognize the note at that time. * * * When I signed this note as surety, I expected to pay it."

The defendant's son Bert was not called as a witness upon this trial on behalf of the defendant W. J. Vanderwilt, nor was his deposition taken. Whether the jury found that the note was not signed by W. J. Vanderwilt in blank, or that, if signed in blank, the blanks, if any, were not filled in contrary to his authority by his son Bert, we do not know; nor, under the record, is it necessary to know, in order to determine this case. If the first proposition was determined adversely to the defendant, there was no occasion for the jury to consider the authority of the agent. Furthermore, if the jury found in favor of the defendant that the note was signed in blank, and the blanks filled in contrary to authority, there is evidence amply sufficient to base a finding that the unauthorized act of the agent was confirmed and ratified by W. J. Vanderwilt.

The Negotiable Instruments Act (Section 9474, Code of 1924) has reference to filling in blanks intentionally left open. Under the terms of the statute, the person who permits blanks to be filled in is bound by the way they are filled, so far as a holder in due course is concerned; but anyone who took the instrument while there were still blanks in it, must at his peril find out what the actual authority is to fill in the blanks; and he can only recover to the extent that actual authority was given. It is to be observed in this case that the plaintiff is not a holder in due course, nor was he so viewed by the trial court. The note was in the possession of the plaintiff, and was payable to him. The production of the paper, under such circumstances, is sufficient evidence of title to establish a prima-facie case. *American Exp. Co. v. Peoples Sav. Bank,* 192 Iowa 366; *Marshak v. Fontana,* 195 Iowa 511. Therefore, when plaintiff rested

in the first instance, he was entitled to judgment. It was upon the defendant to establish by a preponderance of evidence his claimed defense, to wit: that the note was signed in blank by the said W. J. Vanderwilt, and that the blanks were filled without authority, and contrary to the authority given by him to his agent. This was, in effect, the instruction given by the trial court. Our statute provides that, if a promissory note is wanting in any material particular, the person in possession thereof has prima-facie authority to complete it by filling the blanks therein, and that the signature on a blank paper delivered by the person making the signature, that the paper may be converted into a negotiable instrument, such as the note in suit, operates as prima-facie authority to insert any amount in the blank space. In order, however, that any such instrument, when completed, may be enforced against any person who became a party thereto prior to its completion, it must be filled in strictly in accordance with the authority given. It was upon the defendant, therefore, to prove that he did not authorize his agent, Bert Vanderwilt, to fill in the amount in the sum of $3,000, or to insert the name of E. S. Windahl as payee, as it appears in the note. If the jury determined this proposition favorably to the defendant, then he was entitled to a verdict, unless the jury further determined by a preponderance of the evidence that there had been a ratification by W. J. Vanderwilt of the unauthorized act. It is elementary that a ratifica-

2. BILLS AND NOTES: execution: unauthorized filling of blanks: ratification.

tion of such an act must include the intention to give sanction and validity to the act, which would not be binding upon him except for his subsequent conduct in giving assent or confirmation thereto. Further, there can be no ratification by a person, binding him to the unauthorized act of another, without full knowledge on his part of the unauthorized act of the other. Although the jury in the instant case may have found that the defendant signed the note in blank, and that he did not authorize Bert Vanderwilt, as agent, to insert in the blanks what was in fact inserted, it may have been satisfied that a preponderance of the evidence disclosed that the defendant W. J. Vanderwilt acted with full knowledge of the alleged unauthorized act, and that his subsequent conduct amounted to a ratification of the note in its pres-

ent form.  The jury was correctly instructed in these particulars.

The defense pleaded, that the note was without consideration, was withdrawn by the court from the consideration of the jury.  This was fully warranted.  The defendant pleads that

3. PRINCIPAL AND SURETY: consideration to surety.

he is a surety only.  It is wholly immaterial that the defendant, as surety, received no actual consideration for signing the note.  *Carstens v. Gerdes,* 138 Iowa 199.  The note being based on a lawful consideration as to the principal, it is not in the mouth of the surety to say that he received nothing for signing.  *Bell v. Cooper,* 190 Iowa 529.  It further appears that judgment was rendered against the codefendant, Bert Vanderwilt, for the entire amount due upon the note in controversy.  This fact precludes the defendant W. J. Vanderwilt, as surety, from urging that there was no consideration for the note.  *Sherman v. Smith,* 185 Iowa 654. The note in suit was a voidable contract, and consequently was subject to be validated by the subsequent acts and conduct of the surety.  *Bartle v. Breniger,* 37 Iowa 139; *Bell v. Mahin,* 69 Iowa 408; *Kennedy v. Roberts,* 105 Iowa 521; *Myer v. Wegener,* 114 Iowa 74; *Palo Alto Stock Farm v. Brooker,* 131 Iowa 229.

Under the plea of the defendant, the agent exceeded his authority.  It was upon the defendant, as principal, to either ratify or repudiate, when the unauthorized act became known

4. BILLS AND NOTES: execution: unauthorized filling of blanks: presumption of ratification.

to him.  He failed to repudiate promptly, and he is presumed to have ratified.  *Argus v. Ware & Leland,* 155 Iowa 583; *Matlock v. Wheeler,* 29 Ore. 64 (43 Pac. 867); *Emmerson v. Opp,* 139 Ind. 27 (34 N. E. 840).  We must treat the original notes as valid and binding obligations of the maker thereof (defendants herein).

We discover no merit in the contentions of the defendant. The court fairly and correctly instructed the jury on the pertinent propositions.  The evidence sustains the verdict, and the judgment entered is—*Affirmed.*

FAVILLE, C. J., and STEVENS and VERMILION, JJ., concur.